IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JJCO, INC., dba JACKSON ISUZU, a Hawaii corporation,   )<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>ISUZU MOTORS AMERICA, INC., a )<br>Michigan corporation, et al., )<br>)<br>Defendant.   )<br>_____ ) | CIVIL NO. 08-00419 SOM-LEK |

**ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO COMPEL
ISUZU MOTORS AMERICA TO RESPOND TO FIRST AND
SECOND DISCOVERY REQUESTS, FILED JUNE 26, 2009**

On June 26, 2009, Plaintiff JJCO, Inc., dba Jackson Isuzu ("Plaintiff") filed its Motion to Compel Isuzu Motors America to Respond to First and Second Discovery Requests ("Motion"). This matter came on for hearing on August 3, 2009. Present at the hearing were Dennis W. King and Paul Herran, Esq., counsel for Plaintiff, and Joseph Stewart, Esq., counsel for Defendant Isuzu Motors America, Inc. ("Defendant").

After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, the Court hereby GRANTS IN PART AND DENIES IN PART the Motion for the reasons set forth below.

**BACKGROUND**

The facts of this diversity action have been previously

and thoroughly set forth in the Order Denying Plaintiff's Motion for Partial Summary Judgment, filed May 22, 2009 ("May 22 Order") and therefore this Court will not repeat the same here, except as relevant to the instant Motion.

In the action at hand, Plaintiff alleges the following causes of action: (1) violation of the Hawai`I Franchise Investment Law, (2) violation of the Hawai`I Motor Vehicle Licensing Law, (3) breach of contract, (4) breach of covenant of good faith and fair dealing, (5) unjust enrichment, (6) fraud, and (7) punitive damages. At the heart of this dispute, is Plaintiff's contention that Defendant knew prior to, but failed to disclose until, January 20, 2008 that it planned on discontinuing passenger vehicle sales in North America. As a result, Plaintiff alleges it has been left with vehicle and parts inventory that has been difficult to sell, and that Defendant has refused to repurchase as required by contract or Hawai`I law.

On March 13, 2009, Plaintiff's Motion for Summary Judgment on Liability on Count I of Complaint was filed. Defendant filed its opposition on April 14, 2009. The motion was denied on May 22, 2009. In denying partial summary judgment on Count I, the district judge considered whether any of the specific expenses enumerated by Plaintiff constituted an indirect franchise fee and concluded that "on the present record, JJCO does not meet its burden of demonstrating that any of these is a

franchise fee as a matter of law." [May 22 Order at 14.]

In the instant Motion, Plaintiff seeks to compel Defendant to produce documents and/or provide responses as to the certain discovery requests contained in Plaintiff's First Request for Admission, First Set of Interrogatories and First Request for Production of Documents which were served on January 29, 2009 (collectively "First Request"), and in Plaintiff's Second Request for Admissions, Second Set of Interrogatories, and Second Request for Production of Documents which were served on May 1, 2009 (collectively "Second Request").  Defendant objected to these requests on the grounds that they were overly broad, unduly burdensome, or sought irrelevant evidence but agreed to produce all relevant, non-privileged information at a mutually agreeable time and place.

Plaintiff argues that Defendant's objections are unsupported and therefore Defendant should be compelled to respond to the First Request and Second Request. Specifically, Plaintiff argues Defendant should be compelled to produce: (1) a detailed accounting of the parts for which Plaintiff was credited by Defendant in the amount of $59,264.25 and which was paid by way of check number 00068006, (2) sales documents for the sale of Isuzu vehicles to all dealers in Hawaii from January 1, 2005 to the present, (3) studies, graphs and statistical reports showing the Isuzu vehicle sales by dealers in Hawaii for that same time

period, (4) all sales documents between Defendant and its dealer in Hawaii who purchased the vehicles returned by Plaintiff to Defendant in 2008, and (5) all documents reflecting sales of vehicles that Plaintiff purchased from Isuzu from January 1, 2004 to the present.  Plaintiff submits that these documents are relevant to its claims of bad faith and fraud, and to damages. Additionally, Plaintiff contends that if it can establish that it indirectly paid a franchise fee to Defendant, then such evidence would prove its claim that Defendant violated Haw. Rev. Stat. § 482(E) by failing to compensate Plaintiff for the fair market value of inventory, supplies, equipment, and furnishing purchased from Defendant because, according to Plaintiff, these costs constitute an indirect franchise fee.

      Plaintiff complains that, despite its objections to the First Request, Defendant agreed to produce documents that were prepared by Isuzu, and/or exchanged between Defendant and its parent company, relating to Defendant's cessation or termination of passenger vehicles, and those received or sent by Russell Wong but Defendant has not provided these documents as promised. Plaintiff argues that these documents are relevant to its bad faith and fraudulent dealing claims.

      Plaintiff also requests an award of reasonable attorneys' fees against Isuzu incurred in bringing the instant Motion.

Defendant argues that Jackson has not properly complied with Fed. R. Civ. P. 37 and LR37.1(a), and has failed to meet and confer properly, failed to seek to narrow the disputed issues, and failed to acknowledge that the sought-after discovery has either been produced or is nonexistent.[1]  Regarding Plaintiff's request for the documents, Defendant states that all relevant, non-privileged documents have already been produced and that has, as it promised Plaintiff, checked and confirmed that the documents have either already been produced or do not exist.

Finally, Defendant submits that the First Request's request for production of documents number 18 is barred by the doctrine of judicial estoppel because Plaintiff is now taking a position in the instant Motion that is the direct opposite of its stance in its Reply Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment in which Plaintiff argued that its excessively large inventory did not constitute an indirect franchise fee.

Plaintiff filed its reply on July 23, 2009 and argues that it has complied with the requirements of Fed. R. Civ. P. 37(a)(1) and LR37.1(a). Plaintiff points out that Defendant produced documents only on March 19, 2009 and, despite assurances that it will produce additional documents responsive to the First

---

[1] This Court disagrees.  The parties met and conferred on June 10, 2009. [Mem. in Supp. Of Motion at 5.]

Request and Second Request, it has not done so.  Lastly, Plaintiff argues that request for production of documents number #18 of the First Request, which seeks documents relating to all sales of vehicles from Isuzu to Jackson beginning on January 1, 2004 to the present, is not barred by the doctrine of judicial estoppel because such discovery is relevant to its claim that Defendant supplied Plaintiff with passenger vehicles without disclosing that it intended to discontinue sales of these vehicles in North America.

## DISCUSSION

In general, it is the obligation of a requested party to provide discovery that is relevant to the case.  See Fed. R. Civ. P. 26(b)(1).  Rule 26(b) specifically provides that the scope of discovery is generally "any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Id. The rule (which was amended in 2000) focuses party-controlled discovery in terms of claims and defenses.  Whether information is discoverable depends on the specifics of the litigation.  See Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000) ("The Committee intends that the parties and the court focus on the actual claims and defenses . . . . information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable . . . [depending] on the circumstances of the pending case.").

As Defendant has raised a relevancy objection, Plaintiff (as the party seeking discovery) "must demonstrate that the information sought to be compelled is discoverable." Alexander v. F.B.I., 194 F.R.D. 316, 325 (D.D.C. 2000) (internal citations omitted).  As noted, Rule 26 permits the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  While "relevance is to be construed liberally," Alexander, 194 F.R.D. at 325, that requirement nevertheless should be "firmly applied." Herbert v. Lando, 441 U.S. 153 (1979) ("To this end, the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery . . . .") (citing Fed. R. Civ. P. 26(c)).  Once relevance is established as to the discovery being sought, then the objecting party has "the burden of 'show[ing] why discovery should not be permitted.'"  Alexander, 194 F.R.D. at 325-26 (quoting Corrigan Methodist Hosp., 158 F.R.D. 54, 56 (E.D. Pa. 1994)) (alteration in original).

In the First Request, the disputed discovery requests are:

> 1. Interrogatory No. 15 which asks Defendant to "[i]dentify in detail by naming all specific parts that were credited by Isuzu to Plaintiff in check number 00068006 from Isuzu to Plaintiff in the amount of $59,264.25 for returned parts.

      2.    Request for Production of Documents ("RFPD") No. 5 which asks for "[a]ll documents prepared by and/or sent by Isuzu to, or received by Isuzu from, its parent company that were generated or created relating to the incident[2].

      3.    RFPD No. 17 which asks for "[a]ll sales documents for the sale by Isuzu of its vehicles to all dealers in the State of Hawaii from January 1, 2005 to the present time.

      4.    RFPD No. 18 which asks for "[a]ll documents concerning all sales to Plaintiff of Isuzu vehicles from January 1, 2004, to the present time, including billing and payment of hold backs, dealer prep, and all other payments to Plaintiff.

      5.    RFPD No. 28 which asks for "[a]ll documents exchanged by and between Russell Wong and Isuzu, sent to Russell Wong or received from Russell Wong, from January 1, 2007 to the present."

      6.    RFPD No. 30 which asks for "Isuzu's studies, graphs, and statistical reports showing the sale of Isuzu vehicles by its dealers in the united [sic] States from January 1, 1998 to the present time."

      7.    RFPD No. 31 which asks for "Isuzu's studies, graphs, and statistical reports showing the sale of Isuzu vehicles by its dealers in Hawaii from January 1, 1998 to the present time."

      8.    RFPD No. 34 which asks for "All sales documents between Isuzu and its dealer(s) in Hawaii who purchased Plaintiff's Isuzu vehicles which Plaintiff returned to Isuzu in 2008."

[Mem. in Supp. of Motion at 4-5.]

      This Court finds that interrogatory number 15 and RFPD

---

[2] "Incident" is defined by Jackson as "the facts and circumstances concerning Isuzu's cessation, discontinuation and/or termination of the distribution of new passenger vehicles in North America."

numbers 5, 18, 28 and 31 contained in the First Request are relevant to Plaintiff's claims in the instant matter, and RFPD numbers 17, 30 and 34 are not relevant because these requests ask for information regarding other dealers and/or localities unrelated to Plaintiff and the information requested is unlikely to prove or disprove whether Plaintiff's expenses were indirect franchise fees or Plaintiff's other claims.  The Court also finds that Plaintiff is not judicially estopped from seeking the information requested by RFPD number 18.  However, to the extent that Defendant sent information to Plaintiff in the course of business which respond to RFPD number 18, Defendant has the option of producing these documents or listing these documents because Plaintiff presumably received the documents and thus is in possession of them.

In the Second Request, the disputed discovery requests are:

    1.    RFPD No. 1 which asks for "[s]ales documents relating to the Isuzu vehicles, formally owned by Plaintiff, and which were then repurchased and sold to Cutter Isuzu ("Cutter"), including general incentives, rebates, and stair-step incentives, offered to Cutter along with the sale of those Isuzu vehicles to Cutter."

    2.    RFPD No. 2 which asks for "[a]ll documents relating to, concerning, or otherwise mentioning, the POP Program, as referenced in the January 30, 2008 Unanimous Written Consent of the Board of Directors of Isuzu Motors America, Inc."

    3.    RFPD No. 3 which asks for "[a]ll documents relating to, concerning, or otherwise mentioning,

      the "reliable estimates for the cost of" the POP Program, as referenced in the January 30, 2008 Unanimous Written Consent of the Board of Directors of Isuzu Motors America, Inc."

  4. RFPD No. 4 which asks for [a]ll meeting minutes where the Isuzu Board referenced, discussed, or otherwise mentioned, the POP Program."

  5. RFPD No. 5 which asks for "[a]ll meeting minutes where the Isuzu Board referenced, discussed, or otherwise mentioned, the 'reliable estimates for the cost of' the POP Program, as referenced in the January 30, 2008 Unanimous Written Consent of the Board of Directors of Isuzu Motors America, Inc."

  6. RFPD No. 6 which asks for "[a]ll meeting minutes where the Isuzu Board referenced, discussed, or otherwise mentioned, the form and/or contents of the Isuzu Service Dealer Agreement."

  7. RFPD No. 11 which asks for "[a]ll meeting minutes and corporate resolutions of the Isuzu Board from January 2004 to the present."

[Mem. in Supp. of Motion at 6-7.]  This Court finds that RFPD numbers 2, 3, 4, 5 and 6 contained in the Second Request are relevant to Plaintiff's claims in the instant matter, and RFPD numbers 1 and 11 are not relevant because these requests ask for information regarding another dealer and/or matters unrelated to Plaintiff and the information requested is unlikely to prove or disprove whether Plaintiff's expenses were indirect franchise fees or Plaintiff's other claims.

   As Plaintiff's Motion is granted in part, the Court turns to Plaintiff's request for an award of attorney's fees and costs.

> Rule 37(a)(5)(A) provides:
>
> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
>> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  The Ninth Circuit has stated that "a good faith dispute concerning a discovery question might, in the proper case, constitute 'substantial justification'[.]"  <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1171 (9th Cir. 1994) (citation and quotation marks omitted).

     While Plaintiff seeks an award of attorney's fees and costs incurred as a result of filing the Motion, it also recognizes that counsel for both parties met on March 19, 2009 and on June 10, 2009 to discuss Defendant's objections to the discovery requests. [Mem. in Supp. of Motion at 5, 10.] The Court therefore finds that the substantial justification exception has been met and declines to award attorney's fees and costs.

## CONCLUSION

Plaintiff's Motion to Compel Isuzu Motors America to Respond to First and Second Discovery Requests is hereby GRANTED IN PART and Defendant shall provide its amended response to interrogatory number 15 and RFPD numbers 5, 18, 28 and 31 contained in the First Request, and to RFPD numbers 2, 3, 4, 5 and 6 contained in the Second Request by **no later than August 24, 2009**. To the extent that Defendant has documents responsive to these discovery requests but these documents are protected by privilege, then Defendant shall prepare and serve its privilege log by **no later than August 24, 2009**.

In all other respects, Plaintiff's Motion to Compel Isuzu Motors America to Respond to First and Second Discovery Requests is hereby DENIED.

DATED AT HONOLULU, HAWAII, August 14, 2009.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JJCO, INC. V. ISUZU MOTORS AMERICA, INC., ET AL; CIVIL NO. 08-00419 SOM-LEK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL ISUZU MOTORS AMERICA TO RESPOND TO FIRST AND SECOND DISCOVERY REQUESTS, FILED JUNE 26, 2009**