IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JJCO, INC., dba JACKSON ISUZU, a Hawaii Corporation, | ) ) ) | CIV. NO. 08-00419 SOM/LEK |
| Plaintiff, | ) ) | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING |
| vs. | ) ) ) | PLAINTIFF'S MOTION FOR RECONSIDERATION |
| ISUZU MOTORS AMERICA, INC., a Michigan Corporation, ISUZU MOTORS AMERICA, LLC, a California Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

I.      INTRODUCTION.

        Plaintiff JJCO Inc., appeals from Magistrate Judge

Leslie Kobayashi's order refusing to reconsider her denial of

JJCO's motion to compel certain discovery.  JJCO argues that the

Magistrate Judge applied an incomplete legal standard and that

the discovery JJCO seeks is relevant to its claims.  For the

foregoing reasons, the court affirms the Magistrate Judge.

II.     BACKGROUND.

        JJCO was a licensed dealer and distributor of Isuzu

vehicles from September 1998 to June 2008.  JJCO, Inc. v. Isuzu

Motors America, Inc., No. 08-349, 2009 WL 1444103, at *1 (D. Haw.

May 22, 2009).  In 1998, JJCO first entered into an Agreement
with Isuzu Motors America, Inc. ("Isuzu"), which gave JJCO the
right to distribute Isuzu motor vehicles.  Id.  In 2000, JJCO and
Isuzu signed a second agreement, which gave JJCO the right to
identify itself as an Isuzu dealer and to use Isuzu's trademarks.
Id.  JJCO renewed this second agreement on many occasions through
2008.  Id.  Pursuant to this agreement, JJCO had to buy service
equipment, tools, vehicles, and parts from Isuzu.  Id.  On
January 30, 2008, Isuzu announced that it would stop distributing
Isuzu vehicles in Hawaii and offered JJCO the opportunity to
continue as a service dealership.  Id.

       JJCO did not accept Isuzu's offer.  Instead, on August
29, 2008, JJCO sued Isuzu.  JJCO alleges, among other things,
that Isuzu violated Hawaii law by refusing to renew its agreement
with JJCO and failing to compensate JJCO.  Id.  JJCO earlier
moved for summary judgment on its claim that Isuzu had violated
Hawaii franchise investment law.  Id.  On May 22, 2009, this
court denied JJCO's motion for summary judgment on the ground
that JJCO had failed to establish that Isuzu had charged JJCO a
franchise fee, a necessary element for a violation of Hawaii
franchise law.

       Since that order, the parties have had many discovery
disputes.  JJCO's first two discovery requests included 47
requests for admissions and 25 interrogatories.  See Ltr. from

2

Paul Herran to Judge Kobayashi, at 3 n.3 ("Pl.'s Aug. 13 Letter
Brief"), Doc. No. 85 (Aug. 13, 2009).  On May 29, 2009, JJCO
filed a third discovery request, including 10 requests for
admissions and 20 interrogatories.  Id. at 3.  On June 12, 2009,
JJCO filed a fourth discovery request that included 15 requests
for admissions and 10 interrogatories.  Id.  JJCO subsequently
filed two more discovery requests.  Id. at n.4.  JJCO's 6
discovery requests include 88 admission requests, 55
interrogatories, and 100 categories of requested documents.  Id.
at 3-4.

On August 20, 2009, the parties held a discovery
conference with the Magistrate Judge to address discovery
disputes related to JJCO's requests.  JJCO argued that it needed
to serve more interrogatories on Isuzu, and that Isuzu had acted
in bad faith by objecting to some discovery requests.  Id.  Isuzu
countered that JJCO's discovery requests were overly broad and
unduly burdensome and sought irrelevant information.  See Ltr.
from Joseph Stewart to Judge Kobayashi at 1-3 ("Def.'s Aug. 19
Letter Brief"), Doc. No. 88 (Aug. 19, 2009).  Isuzu also claimed
that JJCO's requests were nothing more than "transparent attempts
to perform a fishing expedition."  Id. at 1.

On August 20, 2009, the Magistrate Judge compelled
Isuzu to respond to only some of JJCO's discovery requests.

Order Re Rule 27.1(c) Discovery Dispute at 1 ("Order"), Doc. No. 89 (Aug. 20, 2009).

On September 3, 2009, JJCO filed a motion asking the Magistrate Judge to reconsider its refusal to compel responses to certain other discovery requests.  On September 28, 2009, the Magistrate Judge denied JJCO's motion for reconsideration, finding that JJCO was only repeating arguments it had made earlier.  Order Denying Plaintiff's Mot. for Recon. of Discovery Order, Doc. No. 111 (Sept. 29, 2008).  JJCO now appeals the denial of its motion for reconsideration.

III.    STANDARD OF REVIEW.

A party may appeal to the district court any pretrial nondispositive matter ruled on by a magistrate judge.  28 U.S.C. § 636(b)(1)(A).  A magistrate judge's order regarding nondispositive matters may be reversed by the district court judge only when it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).[1]

---

[1]The district court is often said to review a magistrate judge's ruling on a relevancy issue under the abuse of discretion standard.  When a magistrate's decision concerns an evidentiary question of relevance, some courts have said that the district judge "must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context.  Thus, the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion." Geophysical Sys. Corp. v. Raytheon Co., 117 F.R.D. 646, 647 (C.D. Ca. 1987); Folb v. Motion Picture Indus. Pension & Health Plans, 16 F. Supp. 2d 1164, 1168 n.2 (C.D. Cal. 1998); see also William W. Schwarzer et al., Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 16:279.5 (nat'l ed. 2009) ("Some matters,

A magistrate judge's finding of fact is "clearly erroneous if [the court is left with a] definite and firm conviction that a mistake has been committed." Burdick v. IRS Comm'r, 979 F.2d 1369, 1370 (9th Cir. 1992). "Whether a matter is 'relevant' for discovery purposes is ultimately a fact-specific inquiry defying efforts to define it precisely." 6 James Wm. Moore, et al., Moore's Fed. Prac. § 26.14[7][a] (3d. ed. 2007). Thus, a magistrate judge's ruling on discovery issues, including relevancy, is clearly erroneous only when the district court is left with a "definite and firm conviction that a mistake has been committed." Id.; see also Boskoff v. Yano,

_____

including discovery rulings, are reviewed by the district court under the clearly implicit standard of abuse of discretion.") (quotations omitted). A judge abuses her discretion "only when [her] decision is based on an erroneous conclusion of law or where the record contains no evidence on which [she] rationally could have based that decision." Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225, 229 (9th Cir. 1975).

Review for abuse of discretion appears to be the functional equivalent of review for clear error. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401 (1990) ("A court of appeals would be justified in concluding that a district court had abused its discretion in making a factual finding only if the finding were clearly erroneous."); see also Dees v. Hyundai Motor Mfg. Alabama, LLC, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("A district court reviewing a magistrate judge's discovery order is, in general, limited by statute and rule to reversing that order only if it is clearly erroneous or contrary to law, . . . or, to put it another way, in the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge.") (quotations omitted); Laxalt v. McClatchy, 116 F.R.D. 438, 441 (D. Nev. 1987) ("In general, however, it is clear that this Court reviews discovery matters that have been referred to the Magistrate only on a clearly erroneous or contrary to law standard.").

217 F.2d 1077, 1083 (D. Haw. 2001) ("Under the clearly erroneous standard, the lower court's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (quotations and citations omitted)).

A magistrate judge's order is contrary to law if the judge applies an incorrect legal standard or fails to consider an element of the applicable standard. See Hunt v. Nat'l Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (noting that such failures constitute abuse of discretion).

Finally, the district judge must give great deference to the magistrate judge's decision. United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) (noting that the "magistrate judge's decision in . . . nondispositive matters is entitled to great deference by the district court"). Therefore, the district court may not simply substitute its judgment for that of the magistrate judge. Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (noting that a magistrate judge's nondispositive pretrial orders under § 636(b)(1)(A) are not subject to a de novo determination).

IV.        <u>ANALYSIS.</u>

    A.     <u>The Magistrate Judge Did Not Apply An Incomplete Or Erroneous Legal Standard When Ruling on JJCO's Discovery Requests.</u>

Before addressing the specific discovery requests, this court addresses JJCO's contention that the Magistrate Judge applied an incomplete and erroneous legal standard when considering the discovery requests.  Pl.'s Appeal from Order Denying Pl.'s Mot. for Recon. ("Appeal"), 2 Doc. No. 115 (Oct. 8, 2009).  JJCO contends that Magistrate Judge Kobayashi should have compelled a response to any discovery request that was reasonably calculated to lead to the discovery of admissible evidence. Appeal at 2.  JJCO contends that the Magistrate Judge's failure to compel such discovery of information is an erroneous application of the law.  <u>Id.</u>  This court disagrees.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The advisory notes to Rule 26(b)(1)

show that the court has authority to limit discovery to the

claims or defenses asserted in the case before the court.  <u>See</u>

Adv. Comm. Notes to the 2000 Amendments to Fed. R. Civ. P.

26(b)(1) ("This rule change signals to the court that it has the

authority to confine discovery to the claims and defenses

asserted in the pleadings, and signals to the parties that they

have no entitlement to discovery to develop new claims or

defenses that are not already identified in the pleadings.").

Magistrate Judge Kobayashi decided that certain

discovery requests sought information not relevant to the claims

or defenses before the court.  Order at 2.  This ruling evidences

no misunderstanding of relevancy.  Furthermore, the Magistrate

Judge had the discretion to decline to compel a response to a

request that was vague, overbroad, or unduly burdensome.  <u>See</u>

Fed. R. Civ. P. 26(b)(2)(C).  Not compelling discovery of a

voluminous amount of information that possibly could lead to a

scintilla of admissible evidence, after JJCO had already sent out

more than the typically permitted number of interrogatories and

used other discovery tools, is not evidence that the Magistrate

Judge had an erroneous or inaccurate understanding of relevancy.

B.   <u>Discovery Issues.</u>

Having been unpersuaded by JJCO's argument that

Magistrate Judge Kobayashi applied an inaccurate legal standard,

this court now addresses the specific discovery issues JJCO raises in its appeal.  The court overrules JJCO's objections and affirms the Magistrate Judge's order in its entirety.  JJCO presents nothing indicating that the Magistrate Judge's order was contrary to law, or giving this court a "definite and firm conviction that a mistake has been committed."  Burdick, 979 F.2d at 1370.

JJCO's appeals papers do not cite to its original interrogatories or document requests, instead referring to the recitations in JJCO's letter brief dated August 18, 2009.  This court assumes that the letter brief quoted the exact or substantially similar language from the original discovery requests.

     1.    The Magistrate Judge Did Not Clearly Err in Refusing to Compel Responses to JJCO's Discovery Requests For Correspondence Between Isuzu and GM (Discovery Issues 3-5).

         a.    All correspondence and negotiations between Isuzu and GM from 2003 to 2007 (Discovery Issue 3).

JJCO asked for "all correspondence and negotiations" between Isuzu and GM roughly between 2003 and 2007.  Ltr. from Dennis King to Judge Kobayashi at 2 ¶ 3  ("Pl.'s Aug. 18 Letter Brief"), Doc. No. 92 (Aug. 24, 2009).  Magistrate Judge Kobayashi held that this request did not seek information relevant to any claim or defense.  Order at 1.

JJCO has not established how "all" correspondence and negotiations over a four-year period between Isuzu and GM is relevant to its claims.  In conclusory fashion, JJCO contends that this information will support JJCO's allegations that Isuzu planned in advance to leave the market.  JJCO posits that this allegation is relevant to JJCO's claims.  Appeal at 4-5.

JJCO cites a case from the District of Kansas in arguing that this information is discoverable.  In <u>Western Resources, Inc. v. Union Pacific Railroad Co.</u>, 2001 WL 1718154 (D. Kan. 2001), the plaintiff, an energy producer and distributor, had entered into an agreement with two railroad companies to transport the plaintiff's coal by rail.  <u>Id.</u> at *1. The plaintiff sought discovery of all agreements that the railroads had entered into with other parties to ship coal over a four-year period.  <u>Id.</u>  The court held that this information was relevant to the plaintiff's claim that the railroads had breached their implied duty of good faith and fair dealing, because it could show that the railroads knew or should have known that their rail systems were over-committed when the plaintiff entered into its agreement with the railroads.  <u>Id.</u> at *2.

That case is distinguishable.  JJCO seeks discovery of all correspondence and all negotiations between Isuzu and GM over a four-year period.  The plaintiff in <u>Western Resources</u> sought only agreements between the railroads and other parties.  By

10

contrast, JJCO seeks every communication, whether by fax, email, or letter, between Isuzu and GM.  All correspondence between Isuzu and GM over a four-year period could not relate to JJCO's claims.

The Magistrate Judge's decision to limit JJCO's discovery requests was not clearly erroneous.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, which provides that a court must, on motion or on its own, limit the frequency or extent of discovery if it determines that:

> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

JJCO's request is arguably cumulative and unduly burdensome under Rule 26(b)(2)(C)(i) and (iii).  JJCO admits that it already has evidence that Isuzu was planning to leave the market long before notifying JJCO.  Appeal at 5.  If JJCO already

11

has such information, then the requested information could well include duplicative or cumulative material.  Given the discovery that has already occurred in this case and the breadth of this request, the Magistrate Judge could also have found the request unduly burdensome and exceeding any benefit under Rule 26(b)(2)(C)(iii).

This court is without a definite and firm conviction that Magistrate Judge Kobayashi erred with respect to JJCO's request for "all correspondence and negotiations" between Isuzu and GM between 2003 and 2007.

> b.   All correspondence and negotiations between Isuzu and GM beyond 2007 relating to vehicle supply (Discovery Issue 4).

JJCO asks for "all correspondence and negotiations" between Isuzu and GM going beyond 2007.  Pl.'s Aug. 18 Letter Brief ¶ 4.  The Magistrate Judge held that this request was not relevant to JJCO's claims or defenses.  Order at 2.  This court is not left with a definite and firm conviction that this was clear error.

This request appears to seek all communication between the parties from January 1, 2008, to the present.  JJCO says that this information will support its argument that Isuzu planned in advance of its public announcement on January 30, 2008, to leave the market.  Appeal at 5.  If Isuzu announced it would leave the market on January 30, 2008, and if JJCO is seeking information to

show that Isuzu knew it would leave the market before that date, then the only arguably relevant information in this request concerns the period between January 1, and January 30, 2008. JJCO's discovery request is therefore overbroad.

As noted above, JJCO already has evidence that Isuzu was planning "to exit the market years ago." Appeal at 5. The Magistrate Judge thus arguably could have also denied the request as either cumulative or unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C). This court is certainly not saying that if a party has one piece of evidence, it may not seek further corroborating evidence on the same subject. This court is only saying that, given the various rationales that could support a decision not to compel further discovery, no clear error is shown.

          c.    All of Isuzu's decision to extend the Vehicle
               <u>Supply Agreements (Discovery Issue 5).</u>

This court finds no clear error in the Magistrate Judge's ruling concerning JJCO's request for "[a]ll of Isuzu's decision to extend the Vehicle Supply Agreements." Pl.'s Aug. 18 Letter Brief ¶ 5. A request for "all of a decision" is unintelligible.

2.    The Magistrate Judge Did Not Clearly Err in
      Refusing to Compel Responses to JJCO's Discovery
      Requests Regarding Vehicle Forecasts and Transfer
      Pricing (Discovery Issues 9-11, 36).

      a.    All monthly vehicle forecast scheduling and
            orders for a 20-week period from 2003 to 2007
            (Discovery Issue 9).

JJCO seeks information on all monthly vehicle forecast
scheduling and orders from Isuzu to GM for a 20-week period over
the course of four years.  Pl.'s Aug. 18 Letter Brief ¶ 9.  The
court finds no clear error in the Magistrate Judge's ruling
concerning this request.

JJCO does not explain how this specific request is
relevant to any of its claims.  Instead, JJCO only describes the
vehicle supply agreements, saying that they require Isuzu and GM
to negotiate and finalize the price of vehicles for the following
model year.  Appeal at 6.  JJCO has the burden of proving that
the Magistrate Judge clearly erred in denying JJCO's discovery
request.  Wright v. United States, No. 00-0770, 2001 WL 1386058
(E.D. Cal. Sept. 19, 2001) ("Defendant bears the burden of
establishing that the prior order is clearly erroneous or
contrary to law.") (citations and quotations omitted).  JJCO does
not meet this burden by explaining what a vehicle supply
agreement is and baldly asserting that this discovery request is
relevant to some of its claims.

b.   All vehicle forecasts and scheduling reviews
     from 2003 to 2007 (Discovery Issue 10).

JJCO also seeks information on all vehicle forecasts
and scheduling reviews.  Pl.'s Aug. 18 Letter Brief ¶ 10.  JJCO
shows no clear error by the Magistrate Judge on this subject.

Again, JJCO contends that this information will support
its allegation that Isuzu planned in advance to leave the market.
Appeal at 6.  And again, JJCO already has information to support
this allegation.  Id.  Even if relevant to its claims,  this
information is arguably cumulative, or arguably creates an undue
burden on Isuzu.  Fed. R. Civ. P. 26(b)(2)(C).

JJCO also cites Western Resources, 2001 WL 1718154, the
railroad case, which, as noted above, did not involve the kind of
broad request in issue here.

c.   All transfer pricing from GM to Isuzu from
     2003 to 2007 (Discovery Issue 11).

JJCO seeks information on all transfer pricing from GM
to Isuzu under vehicle supply agreements during a four-year
period.  Pl.'s Aug. 18 Letter Brief ¶ 10.  JJCO fails to show
clear error by the Magistrate Judge concerning this discovery
request.

JJCO is worried that Isuzu may argue that GM forced
it to cease distribution and terminate its agreement with JJCO.
Appeal at 6-7.  JJCO says that it needs this requested
information to counter Isuzu's possible contention that GM is the

15

entity responsible for ending Isuzu's distribution in Hawaii. Id. at 7.  This court did not find any document in the record in which JJCO raised this argument before the Magistrate Judge. JJCO may not raise an argument for the first time on appeal. This court is under no obligation to consider de novo arguments that could have been, but were not, raised earlier.  This is particularly true on an appeal like this one, which is from an order reviewed for clear error.  Indeed, that is true even on review of a magistrate judge's findings and recommendations, which are entitled to de novo review.  See United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000) (concluding that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation"); see also Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.").  If JJCO never raised an argument before the Magistrate Judge, it cannot complain that the Magistrate Judge did not adopt the argument.

Even if JJCO had raised this argument before the Magistrate Judge, the Magistrate Judge would not have clearly erred in refusing to compel discovery, as the request is overly

broad and unduly burdensome.  Moreover, JJCO says that it already
has evidence that GM did not cause Isuzu to terminate
distribution, and it is unclear what further evidence JJCO is
speculating exists.  Appeal at 7.  JJCO simply does not establish
clear error concerning this request.

> d.  All records, ledgers, or summaries of all
>     payments made by Isuzu to GM from 2002 to
>     2007 for the purchase and manufacture of GM
>     vehicles that were re-badged and sold as
>     Isuzu vehicles (Discovery Issue 36).

JJCO seeks information concerning all records, ledgers,
or summaries of all payments Isuzu made to GM for the purchase of
GM vehicles that were re-badged as Isuzu vehicles.  Pl.'s Aug. 18
Letter Brief ¶ 36.  However, JJCO does not state why this
specific request is relevant to any claim or defense.  Instead,
JJCO lumps this request in with its already brief and conclusory
argument as to why it seeks information on transfer pricing
negotiations and vehicle supply agreements.  At most, JJCO says
this is relevant because it will "[s]ubstantiat[e] Plaintiff's
claims that Isuzu and/or its parent corporation terminated the
vehicle supply agreements, and that the pricing negotiations did
not form a basis for termination."  Appeal at 7.  JJCO says this
"necessitates further discovery, which includes obtaining proof
of Isuzu's payments and what those amounts were."  Id.  This does
not show that JJCO needs proof of all payments Isuzu made to GM

17

from 2002 or 2007.  JJCO does not show that the Magistrate Judge

clearly erred with respect to this extremely broad request.

       3.    The Magistrate Judge Did Not Clearly Err in
Refusing to Compel Responses to JJCO's Discovery
Requests Relating to Isuzu's Itemized Costs and
<u>Methodology (Discovery Issues 17, 18, and 19).</u>

          a.    All written documents concerning, relating
to, or pertaining to how Isuzu calculated the
amounts that it billed to JJCO for the "Isuzu
<u>Communication System" (Discovery Issue 17).</u>

JJCO asks for all written documents concerning,

relating to, or pertaining to how Isuzu calculated the amounts

that it billed JJCO.  Pl.'s Aug. 18 Letter Brief ¶ 17.  The

Magistrate Judge refused to compel a response to only the part of

this request seeking information regarding fees Isuzu charged

JJCO for JJCO's use of a communications system.  Order at 4.

This was not clear error.

JJCO argues that this court's previous order

demonstrates that information on how Isuzu calculates its billing

for the communications system is necessary to support its claim

that the communications licensing fee is a franchise fee.  Appeal

at 10.  JJCO misconstrues this court's previous order.  This

court's previous order noted that the record did not establish

whether JJCO had incurred the communications licensing fee for

the right to do business with Isuzu, or whether JJCO would have

had to incur this expense even without an agreement with Isuzu.

<u>JJCO, Inc.</u>, 2009 WL 1444103 at *8.  If JJCO incurred the fee

solely because of its agreement with Isuzu, then the communications license fee was more likely to be a franchise fee. Id.  However, if the communications licensing fee was a kind of expense that JJCO would have incurred regardless of its agreement with Isuzu, then it would not be a franchise fee.  Id.

Information on how Isuzu calculated its billing would not in any way establish that the communications fee was indeed a franchise fee.  It is information about the nature of the agreement between JJCO and Isuzu that would be relevant in determining whether the fee was a franchise fee.  JJCO has not satisfied its burden of establishing clear error on this subject.

      b.    All records or invoices of itemized actual costs Isuzu paid to provide materials and services to dealers from 2000 to 2008 (Discovery Issue 18).

JJCO seeks information regarding all records or invoices of itemized actual costs Isuzu paid to provide services and materials to dealers.  Pl.'s Aug. 18 Letter Brief ¶ 18.  The Magistrate Judge found this information not relevant to any claim or defense.  Order at 2.  JJCO's appeal does not include any reason as to why this specific information is relevant, or why the Magistrate Judge erred.

      c.    Information on how Isuzu calculated its billing for training fees (Discovery Issue 19).

JJCO seeks information on how Isuzu calculated the amounts it billed JJCO for training fees.  Pl.'s Aug. 18 Letter

Brief ¶ 19.  The Magistrate Judge required Isuzu to produce documents and/or provide an explanation as to how the charges it billed JJCO were calculated.  Order at 3.  In a footnote, JJCO appeals this issue "to the extent [its] requests in issue numbered 19 was denied."  Appeal at 8.  JJCO fails to identify what it still lacks, or to proffer reasons for alleging error.  A mere footnote reference does not do this.

4.   The Magistrate Judge Did Not Clearly Err In Refusing to Compel Responses to JJCO's Discovery Requests Relating to Isuzu's Lack of Profits (Discovery Issues 20, 21, and 34).

a.   Information on why Isuzu's passenger vehicle sales business was not profitable (Discovery Issue 20).

JJCO seeks information as to why Isuzu's passenger vehicle sales business failed to generate a profit in 2005, 2006, and 2007.  Pl.'s Aug. 18 Letter Brief ¶ 20.  JJCO contends that this information is relevant to support its fraud and punitive damages claims.  Appeal at 12.  JJCO argues that Isuzu falsely stated that it was profitable and that sales information would support its claim that Isuzu committed fraud concerning profitability.  Id. at 11.

JJCO cites a case from the Eastern District of Virginia to support its argument that this information is discoverable. In Vanquard Military Equipment Corp. v. David B. Finestone Co., 6 F. Supp. 2d 488, 495 (E.D. Va. 1997), the court held that interrogatories seeking information identifying whom the

20

defendant sold merchandise to, and information about the defendant's gross sales of merchandise were relevant to the plaintiff's punitive damages and fraud claims.  Id.  JJCO is not limiting itself to Isuzu's sales information.  JJCO wants reasons for nonprofitability.  It is not at all clear that Isuzu's explanation as to why it failed to generate profits would be relevant to JJCO's claims.

> b.  Statement of when Isuzu learned its passenger vehicles sales business had failed to generate a profit (Discovery Issue 21).

JJCO asks Isuzu to state when Isuzu learned its passenger vehicles sales business had failed to generate a profit.  Pl.'s Aug. 18 Letter Brief ¶ 21.  JJCO argues that this information is relevant to its claims.  Appeal at 11.  However, the Magistrate Judge's decision not to compel a response was not based on relevancy, but rather on Isuzu's assertion that it had no further responsive information.  Order at 3.

> c.  All notices, publications, written statements, summary of events or results, and reports relating to Isuzu's shopping spree events for its top dealers from 2004 through 2007 (Discovery Issue 34).

JJCO seeks all notices, publications, written statements, summary of events or results, and reports relating to Isuzu's shopping spree events from 2004 through 2007.  Pl.'s Aug. 18 Letter Brief ¶ 34.  The Magistrate Judge compelled Isuzu to "produce documents related to the 2007 Shopping Spree which

21

reflect any statements or information related to representations as to whether Defendant would continue its sales operations in North America." Order at 3-4. JJCO does not explain why it needs more.

> 5. The Magistrate Judge Did Not Clearly Err In Refusing to Compel a Response to JJCO's Discovery Request Relating to Isuzu's Service Agreement (Discovery Issue 23).

JJCO seeks to know who drafted the Isuzu Dealer Service Agreement that was mailed to all Isuzu distributors two weeks after Isuzu publicly announced it was discontinuing passenger vehicles. Appeal at 12. JJCO asks to know who directed that this agreement to be created, and when that direction was given. Pl.'s Aug. 18 Letter Brief ¶ 23. JJCO says that this information is needed to show that Isuzu had been preparing "these documents" before its public announcement, and that it timed its announcement to minimize its obligations to JJCO. Appeal at 13. Isuzu says that this information is privileged.

JJCO might indeed be able to establish the relevancy of the drafters or the person who ordered the drafting, or of a timeline, but JJCO does nothing more than assert relevance. Under those circumstances, this court cannot say that the Magistrate Judge clearly erred in declining to compel this discovery.

      6.    The Magistrate Judge Did Not Clearly Err in Refusing to Compel Responses to JJCO's Discovery Requests Relating to Isuzu's and IML's Corporate <u>Restructuring Plans (Discovery Issues 27 and 28).</u>

JJCO seeks information on all the business plans, reorganization plans, and restructuring plans that Isuzu and its parent, IML, had between January 2002 and June 2008.  Pl.'s Aug. 18 Letter Brief ¶¶ 27, 28.  The Magistrate Judge denied this request with regard to IML, as Isuzu was not in possession of this information.  Order at 3.  As to requests for Isuzu's own restructuring plans, the Magistrate Judge held that this information was not relevant to any claim or defense.

This court reads JJCO's appeal as challenging only the ruling concerning the relevancy of Isuzu's materials.  JJCO says that it has documents that show Isuzu underwent significant corporate restructuring in 2002.  Appeal at 13.  JJCO says that these documents show that Isuzu limited its financial exposure when it left the market.  <u>Id.</u>  JJCO claims that obtaining Isuzu's corporate restructuring plans from 2002 are necessary to support its allegation that Isuzu knew it would exit the market well before 2008.  <u>Id.</u>  But even if Isuzu was restructured in 2002, that would not mean that it planned to leave the market six years later.  This court, which is reviewing the record for clear error, sees none by the Magistrate Judge on this subject.

7.    The Magistrate Judge Did Not Clearly Err in Refusing to Compel Responses to JJCO's Discovery Request Relating to Isuzu's Wholesale Incentives Offered to JJCO (Discovery Issue 35).

JJCO seeks "all letters, communications, reports, proposals, and other written documents concerning wholesale incentives" Isuzu offered JJCO between roughly 2004 and 2007. Pl.'s Aug. 18 Letter Brief ¶ 35. The Magistrate Judge viewed this information as not relevant to any claim or defense.

JJCO contends the information is relevant to its franchise claim, pointing out that Isuzu offered JJCO incentives to further sales to JJCO, and that these incentives resulted in JJCO's overstocking of vehicles in 2007. Appeal at 14.

Even if overstocking in 2007 is relevant to its claims, JJCO does not explain how any wholesale incentives for the years before 2007 are relevant to its claims. The Magistrate Judge is not obligated to rewrite a discovery request to narrow it, or to parse an overly broad request. There is no clear error in holding a party to the scope of the discovery request it drafted. The Magistrate Judge therefore cannot be said to have clearly erred concerning this extremely broad request.

8.   The Magistrate Judge Did Not Clearly Err in
Refusing to Compel Responses to JJCO's Discovery
Requests Relating to Isuzu's Communications with
its Parent Concerning Cessation, and Relating to
Isuzu's Exit Strategy (Discovery Issues 24, 25,
26, 29, 30, and 31).

JJCO seeks an enormous amount of information in

Discovery Issues 24, 25, 26, 29, 30, and 31.   The Magistrate

Judge found that Isuzu did not have the requested information.

Order at 3.   JJCO does not now argue that the information is

accessible.   Instead, JJCO argues that the information is

relevant.   Appeal at 15.   Given the disconnect between the

Magistrate Judge's ruling and the appeal, this court finds no

clear error in the ruling.

V.      CONCLUSION.

Magistrate Judge Kobayashi's Order denying JJCO's

reconsideration motion is affirmed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 30, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

JJCO, Inc., v. Isuzu Motors America, Inc, et al., Civ. No. 08-419
Order Affirming Magistrate Judge's Order Denying Plaintiff's
Motion for Reconsideration.

25