IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JJCO, INC., dba JACKSON ISUZU, a Hawaii Corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>ISUZU MOTORS AMERICA, INC., a Michigan Corporation; ISUZU MOTORS AMERICA, LLC, a California Limited Liability Company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>       Defendants.<br>_____ | CIV. NO. 08-00419 SOM/LEK<br><br>ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

I.      INTRODUCTION.

Plaintiff JJCO, Inc., challenges Magistrate Judge Leslie E. Kobayashi's order denying JJCO leave to file an amended Complaint to add a Japan corporation as a defendant. This court affirms the Magistrate Judge's order.

II.     BACKGROUND.

This court's previous order gives the history of this case. See JJCO, Inc. v. Isuzu Motors Am., Inc., No. 08-419, 2009 WL 1444103 (D. Haw. May 22, 2009). All that is relevant to the issue now before the court is the following: On September 17, 2008, Isuzu removed this case to federal court. On June 15,

2009, the parties agreed to set August 28, 2009, as the deadline to file any motion to join additional parties, and to file any motion to amend the pleadings.  The court approved this stipulation.  Stip. Extending Time to File All Motions to Join Additional Parties or to Amend Pleadings; Order, Doc. No. 48 (June 15, 2009).  On August 28, 2009, JJCO moved for leave to amend its Complaint to add Isuzu Motors America, a California company, and Isuzu Motors Ltd. ("Isuzu Japan"), a Japan company, as Defendants in the case.  JJCO also sought to add a claim of interference with contract relations and prospective economic advantage against Isuzu Japan.  See Pl.'s Mem. Supp. Mot., Doc. No. 93 (Aug. 28, 2009).

  JJCO's Motion alleged that JJCO had discovered evidence in August 2009 showing that Isuzu Japan might be at fault in this case.  Id. at 3.  JJCO claimed that Isuzu Japan directly controlled Isuzu, and that Isuzu was an alter ego and instrumentality of Isuzu Japan.  Id. at 5.  Isuzu countered that, because the court lacked personal jurisdiction over Isuzu Japan, JJCO's motion should be denied as futile.  Def.'s Mem. Opp. Mot. ("Opposition"), Doc. No. 101 (Sept. 11, 2009), at 4.

  The Magistrate Judge denied JJCO's Motion.  Order, Doc. No. 117 (Oct. 9, 2009).  The Magistrate Judge concluded that Isuzu Japan had not had the requisite minimum contacts with Hawaii to establish personal jurisdiction.  Id. at 21 ("Accordingly, this Court looks to the minimum contacts Isuzu

Japan had with Hawaii . . . . There being none, this Court finds that personal jurisdiction over Isuzu is lacking."). She ruled that amending the Complaint to add Isuzu Japan as a Defendant would be futile given the lack of personal jurisdiction. Id. at 18. The Magistrate Judge was also unpersuaded that amendment should be allowed on the ground that Isuzu was an alter ego or instrumentality of Isuzu Japan. The Magistrate Judge finally found that amending the Complaint to add Isuzu Japan would cause undue delay. Id. at 27. However, the Magistrate Judge granted JJCO leave to add Isuzu Motors America, LLC, as a Defendant. Id.

JJCO has appealed from the Order, arguing that the Magistrate Judge "abused her discretion" by ruling that the court lacked personal jurisdiction over Japan Isuzu and that amending the Complaint would result in undue delay. Pl.'s Appeal from Order Denying In Part And Granting in Part Pl.'s Mot. For Leave To File First Amend. Compl. ("Appeal"), Doc. No. 125 (Oct. 19, 2009). On October 23, 2009, JJCO filed a First Amended Complaint adding Isuzu Motors America, LLC, as a Defendant. First Amend. Compl., Doc. No. 134 (Oct. 23, 2009).

III.    STANDARD OF REVIEW.

To determine the appropriate standard of review, the court must decide whether in this case a denial of a motion to amend the Complaint to add a new defendant is dispositive or nondispositive of any claim or defense. The court treats the

Magistrate Judge's decision denying JJCO leave to amend to add a new party as a nondispositive ruling subject to review for clear error. However, even if reviewing the record de novo, this court would affirm the Magistrate Judge, particularly with respect to the undue delay ground.

A magistrate judge's jurisdiction to enter an order, rather than to issue recommendations to the district court, is dependent on whether the matter before that magistrate judge is characterized as dispositive or nondispositive of a claim or defense of a party. See 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72. If the matter is nondispositive, then, under § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the magistrate judge may properly enter an order disposing of the matter. A magistrate judge's order regarding nondispositive matters may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Fed. R. Civ. P. 72(a). However, if the dispute is over a dispositive matter, then the magistrate judge has authority to enter findings and recommendations. Objections to the magistrate judge's findings are reviewed de novo. 28 U.S.C. § 636(b)(1)©; see Fed. R. Civ. P. 72(b).

Nondispositive matters are those "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). In contrast, a dispositive matter involves the

determination of the merits of the case or is critical in shaping the nature of the litigation.  Kiep v. Turner, 80 B.R. 521, 523-24 (D. Haw. 1987).  The court must look to the "effect of the motion" to determine whether it is dispositive or nondispositive of a claim or defense of a party.  United States v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004) (internal citations omitted).

      Generally, a motion for leave to amend the pleadings is a nondispositive matter that may be ruled on by a magistrate judge.  See U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F. 2d 1099, 1102 n.1 (9th Cir. 1985), superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp., 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for leave to amend its Complaint was properly treated as a nondispositive motion when the magistrate judge granted the plaintiff's motion); Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250-51 (3d Cir. 1998) (noting that a motion to amend is not dispositive); see also Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083-84 (D. Haw. 2001) (reviewing a magistrate judge's order granting leave to file a first amended cross-claim for clear error); Ambrose v. Southworth Prods Corp., 953 F. Supp. 728, 731 (W.D. Va. 1997) ("A magistrate judge's ruling on a motion to amend is a nondispositive motion to be reversed only upon a showing that the order is clearly erroneous

or contrary to law."). Ruling on a motion to amend is a nondispositive decision particularly when the magistrate judge grants the motion. Cuenca v. Univ. of Kansas, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).

However, some courts view a magistrate judge's denial of a motion for leave to amend as a dispositive ruling when the magistrate judge denies a party the opportunity to assert a new claim or defense. See, e.g., McCormick v. City of Lawrence, F. Supp. 2d, 2003 WL 158704 (D. Kan. Jan. 17, 2003) ("However, when the magistrate judge's order denies a motion to amend and a claim or defense is not permitted to be asserted in the case, several courts have found such a ruling to be dispositive and concluded that the district court should review it de novo."). These courts reason that by denying a proposed claim, the magistrate judge is ruling on or disposing of that claim. See Covington v. Kid, Doc. No. 99-4234, 1999 WL 9835, at *2 (S.D.N.Y. Jan.7, 1999) (citations omitted) (noting that because the magistrate judge's denial of leave to amend foreclosed potential claims, the district court reviewed the magistrate judge's order de novo).

In keeping with the line of cases viewing a denial of leave to amend as a dispositive ruling, some courts hold that denial of leave to amend is dispositive when the denial is specifically premised on futility. See Mueller Co. v. U.S. Pipe & Foundry Co., 351 F. Supp. 2d 1, 2 (D.N.H. 2005) (noting that

5

denial of a motion to amend on futility grounds is subject to de novo review); see also HCC, Inc. v. RH & M Mach. Co., 39 F. Supp. 2d 317, 321-22 (S.D.N.Y. 1999) (denial of leave to amend is dispositive when premised on futility). A proposed amendment is futile if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). It has been said that the test for futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." Kuschner v. Nationwide Credit, Inc., 256 F.R.D. 684, 687 (E.D. Cal. 2009). Under this reasoning, a magistrate judge's denial based on futility has the same effect as a dismissal that the district court must review de novo. See Gossett v. Stewart, 2009 WL 3379018 (D. Ariz. Oct. 20, 2009) (treating a magistrate judge's denial of a motion to amend based on futility and lack of compliance with procedural requirements as a dispositive ruling subject to de novo review).

This view is not universal. See Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) (finding a magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive and subject to review for clear error by the district court).

This court treats the ruling in issue as nondispositive and applies the clearly erroneous standard.

JJCO does not even argue for de novo review.  To the contrary, JJCO identifies the standard of review as "abuse of discretion."

Moreover, the parties identify no Ninth circuit case, and the court itself has found none, requiring de novo review of a magistrate judge's ruling denying leave to add a party, whether based on futility or other grounds.  In any event, the court would affirm Magistrate Judge Kobayashi's order on the undue delay ground under either the clearly erroneous standard or the de novo standard.

IV.  ANALYSIS.

A.  The Magistrate Judge Did not Err Because Granting JJCO Leave Would Cause Prejudice and Undue Delay.

The deadline for the parties to move for leave to file an amended complaint was August 28, 2009.  JJCO moved for leave to amend on that date.  JJCO sought to add two additional Defendants, one being Isuzu Japan, and to assert a new claim against Isuzu Japan.  The Magistrate Judge denied JJCO leave to add Isuzu Japan on the ground that the proposed addition would result in undue delay.  JJCO says that the Magistrate Judge is "penalizing" JJCO for complying with the court-ordered deadline of August 28, 2009.  Appeal at 10.  This court disagrees.

JJCO's reasoning is that because the burden of showing prejudice or undue delay is on the party opposing the motion for leave to amend, the Magistrate Judge was not permitted to

7

consider undue delay and prejudice <u>sua sponte</u>.  Nothing about where the burden of persuasion lies prevents the court from considering factors shown in the record.  The very case JJCO cites for support, albeit not controlling because it is from the Eighth Circuit, supports a magistrate judge's ability to <u>sua sponte</u> consider undue delay and prejudice.  <u>See</u> <u>Beeck v. Aquaslide 'N' Dive Corp.</u>, 562 F.2d 537, 540 (8th Cir. 1977) ("In ruling on a motion for leave to amend, the trial court must inquire into the issue of prejudice to the opposing party, in light of the particular facts of the case.") (emphasis added).

JJCO should not claim surprise if a court considers prejudice to the opposing party as the most important factor to be considered by the court.  <u>See</u> <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387 (9th Cir. 1990).  Indeed, a court is required to take potential prejudice into account in deciding a Rule 15(a) motion.  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330-31 (1971) (noting that in deciding whether to permit amendments under Rule 15(a), the trial court "was required to take into account any prejudice" that the opposing party would have suffered).  Whether her order is reviewed for clear error or de novo, the Magistrate Judge correctly considered undue delay and prejudice when ruling on JJCO's motion for leave to amend.

The Magistrate Judge noted that adding Isuzu Japan "would cause an undue delay in the completion of the litigation."

Order at 27.  Prejudice is especially likely to exist if an amendment involves new theories of recovery or requires additional discovery.  Jackson, 465 F.3d at 953.  JJCO was proposing a new theory of recovery in arguing that Isuzu Japan had intentionally interfered with JJCO's contract relations and prospective business advantage.  It is highly likely that adding Isuzu Japan and this new theory would lead to a need for additional discovery.  The discovery cut-off is November 13, 2009, a deadline that surely would not hold if the amendment were allowed.  See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980 (9th Cir. 1999) (noting that a need to reopen discovery and delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the Complaint).  It is clear that additional costs and fees would be generated by the amendment.

Disregarding any prejudice to Isuzu or Isuzu Japan, JJCO argues that it did not unduly delay in moving for leave to amend by the August 28 deadline. However, filing a motion by a deadline does not mean that the court cannot consider undue delay or prejudice.

The Ninth Circuit considered precisely this situation in AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946 (9th Cir. 2006).  In that case, the district court's pretrial scheduling order extended the period for filing a motion to amend

9

from June 2, 2003, to December 2, 2003.  Id. at 951.  The plaintiff filed a motion for leave to amend on August 25, 2003, well before the new deadline.  Id.  The district court denied the motion as untimely and prejudicial.  Id.  The Ninth Circuit affirmed the district court.  Id. at 952.  In other words, a judge may deny a motion for leave to amend as untimely even if it complies with a court-ordered deadline, if there is justification for the denial.

Most important to evaluating delay is when the moving party knew or should have known the facts and theories raised by the proposed amendment.  See Jackson, 902 F.2d at 1388.  The Magistrate Judge noted that many of the documents and information relied on by JJCO in requesting leave to amend had been in JJCO's possession long before the filing of the motion.  Order at 27.  On appeal, JJCO gives no concrete reason why, although more than a year has passed since this case was removed to federal court, JJCO has only recently sought to amend its Complaint.  See Network Solutions, Inc., 194 F.3d at 986 (noting that delay is especially relevant to the amendment analysis when no reason is given for the delay).  JJCO only argues that it has had difficulty gathering information "due to Isuzu's stonewalling."  Appeal at 8.  JJCO says that it is only now learning of the extent of Isuzu Japan's involvement in the events.  Appeal at 8-10.  However, in its motion for leave to amend, JJCO said that it

had received evidence "in March 2009 that [Isuzu Japan] was solely responsible for the cessation decision," allegedly indicating that Isuzu Japan "at critical times transact[ed] business in place of or on behalf of Isuzu."  Motion at 3.  If JJCO knew in March 2009 that Isuzu Japan was responsible for terminating distribution, but waited until August 2009 to move for leave to amend its Complaint to add Isuzu Japan as a Defendant, the Magistrate Judge had good grounds for finding that JJCO had unduly delayed the filing of its motion.  See AmerisourceBergen Corp., 465 F.3d at 952 (noting that an eight-month delay between the time of obtaining a relevant fact and seeking leave to amend was unreasonable); Jackson, 465 F.3d at 956-54.

> B.  The Magistrate Judge Did Not Err In Denying Leave to Amend Based on a Lack of Personal Jurisdiction Over Isuzu Japan.

The Magistrate Judge had an alternative ground for denying leave to amend.  The Magistrate Judge held that any amendment to add Isuzu Japan as a Defendant would be futile because the court lacked personal jurisdiction over Isuzu Japan.  The Magistrate Judge also held that Isuzu Japan was not an alter ego or mere instrumentality of Isuzu Japan.  Order at 23-25 ("In sum, the fact and allegations submitted in this Motion, even in the light most favorable to Plaintiff, are insufficient to establish that Defendant was the alter ego of Isuzu Japan for

11

purposes of personal jurisdiction over Isuzu Japan in this action.").

JJCO does not argue on appeal that the Magistrate Judge erred in finding that Isuzu was not an alter ego or instrumentality of Isuzu Japan.  JJCO only argues on appeal that Isuzu Japan purposely availed itself of the privilege of conducting activities in Hawaii, and thus had the requisite minimum contacts with Hawaii sufficient to give this court personal jurisdiction over it.  Appeal at 7.  JJCO says that the Magistrate Judge failed to consider this argument.  Appeal at 7 (noting that Judge Kobayashi's order says that JJCO "appears to concede that Isuzu Japan has not had any contacts with Hawaii").  JJCO cites three sentences in its reply memorandum, and some language in a "Consent in Lieu of Meeting of Shareholders," as having informed the Magistrate Judge that Isuzu Japan had had minimum contacts with Hawaii.  Id. at 6.

JJCO argues that the Consent says that Isuzu Japan authorized the directors and officers of Isuzu to execute and deliver all documents, and "to take whatever actions are deemed necessary or advisable to carry out the intent of the foregoing resolutions." This did not bring Isuzu Japan's contacts with Hawaii to the Magistrate Judge's attention.  Appeal at 6.  In its Reply memorandum, JJCO says that "the Consent and Unanimous Written Consent show [Isuzu Japan's] direct participation and

submission to Hawaii jurisdiction for minimum contacts purposes." Appeal at 6 (citing Reply at 7).  JJCO also says that Isuzu Japan "directed the service only agreement to be used with all dealers," and that Isuzu Japan "instructed its subsidiary to act in a certain way and Isuzu acted accordingly in Hawaii" with respect to JJCO.  Appeal at 6.

As the court is applying the clearly erroneous standard here, JJCO bears the burden of establishing that the Magistrate Judge's order is clearly erroneous or contrary to law.  <u>Wright v. United States</u>, No. 00-0770, (E.D. Cal. Sept. 19, 2001).  JJCO does not meet this burden.  The Magistrate Judge clearly reviewed the materials JJCO points to.  <u>See</u> Order at 24-25 (noting that the consent in Lieu of Meeting of Shareholders and Unanimous Written Consent of the Board of Directors were made in connection with approval to cease sales of Isuzu passenger vehicles in North America and were not indicative of Isuzu Japan's control over JJCO).  The Magistrate Judge then concluded that the court lacked personal jurisdiction over Isuzu Japan.  Even if the Magistrate Judge was incorrect in noting that JJCO had conceded that Isuzu Japan lacked contacts with Hawaii, it does not follow that the Magistrate Judge clearly erred in finding no personal jurisdiction over Isuzu Japan.  JJCO does not meet its burden of establishing clear error.  And even assuming the Magistrate Judge

had erred, such an error would not result in reversal given the separate ground of undue delay addressed earlier in this order.

V.      CONCLUSION.

The court affirms the Magistrate Judge's order denying leave to amend the Complaint.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 12, 2009.



     /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

JJCO, Inc., v. Isuzu Motors Am., Inc., et al., Civ. No. 08-419
ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING IN PART
PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

15