IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JJCO, INC., dba JACKSON ISUZU, a Hawaii corporation, | ) ) ) | CIVIL NO. 08-00419 SOM-LEK |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| ISUZU MOTORS AMERICA, INC., a Michigan corporation, et al., | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT ISUZU MOTORS AMERICA, LLC'S MOTION FOR ATTORNEYS' FEES**

Before the Court, pursuant to a designation by Chief United States District Judge Susan Oki Mollway, is Defendant Isuzu Motors America, LLC's ("Defendant") Motion for Attorneys' Fees ("Motion"), filed on March 22, 2010, and supplemented and renewed ("Supplement") on June 28, 2010.[1]  Defendant requests a total award of $612,628.00[2] in attorneys' fees.  Plaintiff JJCO, Inc., a Hawai`i corporation doing business as Jackson Isuzu ("Plaintiff"), filed its memorandum in opposition on April 26,

_____

[1] On May 25, 2010, this Court issued an order denying Defendant's Motion without prejudice and giving Defendant leave to renew and supplement the Motion within seven days after the district judge ruled upon Plaintiff's Motion to Alter or Amend Judgment Dated 3/8/2010 and/or to Order a New Trial ("Motion for New Trial"), filed April 5, 2010.  The district judge issued an order denying the Motion for New Trial on June 22, 2010.

[2] The original Motion requested $599,656.50 in attorneys' fees and the Supplement requested $12,971.50 in fees.

2010, and Defendant filed its reply on May 13, 2010.  Plaintiff also filed a memorandum in opposition to the Supplement on July 15, 2010.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion and Supplement, supporting and opposing memoranda, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion and Supplement be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The parties and the Court are familiar with the factual and procedural background of this case, and the Court will only summarize the events that are relevant to the instant Motion.

Between 1998 and 2008, Plaintiff was an authorized dealer of Defendant's vehicles pursuant to their Isuzu Dealer Sales and Service Agreement ("Agreement").  On January 30, 2008, Defendant announced that it was going to discontinue the distribution of new Isuzu passenger vehicles in North America. The instant case arose from the ensuing dispute over Defendant's obligations to Plaintiff under the Agreement.

Plaintiff filed its original Complaint in state court on August 29, 2008.  Defendant removed the action on September

17, 2008 based on diversity jurisdiction.  [Notice of Removal at ¶¶ E-I.]  Plaintiff filed its First Amended Complaint on October 23, 2009.  The First Amended Complaint alleged the following claims: Count I - violation of Hawai`i Franchise Investment Law; Count II - violation of Hawai`i Motor Vehicle Licensing Act; Count III - breach of contract; Count IV - breach of covenant of good faith and fair dealing; Count V - unjust enrichment; Count VI - fraud, misrepresentation, concealment, and nondisclosure; and Count VII - punitive damages.

The district judge conducted a jury trial in this matter on February 9-11, 17-19, and 23-26, 2010, and March 2-5, 2010.  During the trial, the district judge granted Defendant's motions for judgment as a matter of law as to a portion of Count II, as well as Counts IV, VI, and VII.  The jury returned its verdict on March 5, 2010, finding that Plaintiff did not meet its burden of proof on the issues presented to the jury in Count I, the remainder of Count II, and Count III.  The district judge also *sua sponte* ruled in favor of Defendant on any outstanding equitable claims.

On March 8, 2010, the Clerk of the Court entered final judgment in favor of Defendant and against Plaintiff.  The instant Motion followed.

Defendant primarily seeks attorneys' fees pursuant to Haw. Rev. Stat. § 607-14.  Defendant argues that Counts III to

3

VII of Plaintiff's First Amended Complaint are in the nature of assumpsit. Defendant notes that Plaintiff's negligent misrepresentation and nondisclosure claim and its fraud claim rely on the contractual relationship between the parties and therefore sound in assumpsit. Defendant argues that Count VII, in which Plaintiff sought punitive damages, is not an independent claim, but is based on the fraud, misrepresentation and nondisclosure claim. Defendant argues that Plaintiff's request for statutory attorneys' fees associated with Counts VI and VII raises a presumption that Plaintiff was asserting assumpsit claims. Defendant acknowledges that Counts I and II do not sound in assumpsit, but Defendant argues that those claims are based on the same factual allegations as Counts III to VII. Thus, Defendant argues that it is not appropriate to apportion the requested attorneys' fees between assumpsit and non-assumpsit claims.

Defendant also contends that, because Plaintiff did not present evidence of the damages that sought for the assumpsit claims, Defendant should receive its full attorneys' fees, without regard to § 607-14's limitation to twenty-five percent of the amount of the damages claimed. If the Court finds that apportionment is necessary, Defendant urges the Court to consider the damages Plaintiff sought in Counts III through VII. Plaintiff alleged that it would have sold the remaining twenty-

one vehicles in its inventory and that those vehicles were valued at $980,903.90. [Motion, Decl. of Lex R. Smith ("Smith Decl."), Exhs. G & H.] The First Amended Complaint sought punitive damages in excess of $1,000,000. [First Amended Complaint at 21.] Defendant therefore argues that Plaintiff sought a minimum of $1,980,903.90 in assumpsit damages, and Plaintiff also sought unspecified lost profits in Counts III and IV. If the Court accepts the $1,980,903.90 figure, that would result in a maximum award of $495,225.98 in attorneys' fees. [Mem. in Supp. of Motion at 16.]

In addition, Defendant argues that it is entitled to an award of attorneys' pursuant to Haw. Rev. Stat. § 607-14.5 and under the district court's inherent powers because Plaintiff's actions in this case were frivolous and in bad faith.

Defendant argues that its requested attorneys' fees are reasonable because: they are consistent with the attorneys' fees that Plaintiff incurred; they are consistent with the rates and time spent by other practitioners; defense counsel worked efficiently and did not duplicate work; Defendant does not seek fees for motions that it did not ultimately file; and the case was factually and legally complex. Defendant argues that the requested hourly rates are consistent with the rates customarily charged by attorneys in Hawai`i with comparable experience in comparable cases. Defendant contends that the Laffey Matrix is

an objective tool for calculating legal fees in a given area and that the rates requested in this case are well within the rates established by the Laffey Matrix.

In its memorandum in opposition to the Motion, Plaintiff emphasizes that defense counsel's time must be apportioned between the assumpsit claims, which Plaintiff argues "occupied an extremely minor role in this franchise case", and the non-assumpsit claims. [Mem. in Opp. at 3-4.] Plaintiff contends that the time defense counsel spent on Counts I and II, which Defendant concedes do not sound in assumpsit, can be apportioned from the time defense counsel spent on the assumpsit claims. Plaintiff also argues that its fraud claim and punitive damages claim are not assumpsit claims, but tort claims. In addition, Plaintiff urges the Court to reduce Defendant's requested fees for defense counsel's block billing, duplicative work, and clerical work. Plaintiff argues that, after eliminating non-compensable tasks and apportioning the time spent on only the assumpsit claims, Defendant is only entitled to: $185,685, based on what Plaintiff argues are a reasonable number of hours and reasonable hourly rates; or $169,628.40, based on a blended hourly rate. [Id. at 4.] Plaintiff argues that only two of its seven claims were in the nature of assumpsit and therefore only twenty-nine percent of Defendant's time should be apportioned to the assumpsit claims.

Further, after applying the twenty-five percent
limitation in § 607-14, Plaintiff argues that Defendant is only
entitled to nominal attorneys' fees of $1 or $18,750.00.  [Id.]
Plaintiff argues that the statutory claims were always the focus
of this case and that the other claims were secondary, occupying
a relatively small amount of time.  Plaintiff argues that defense
counsel would not be able to identify more than one hundred
attorney and staff hours spent on the breach of contract claim.
Plaintiff also did not request a specific dollar amount in
connection with the breach of contract claim, in either the
pleadings or at trial.  In fact, defense counsel argued during
his closing argument at trial that the jury should award
Plaintiff nominal damages of one dollar if it found in favor of
Plaintiff on that claim.  The district judge issued a jury
instruction that provided for an award of one dollar in nominal
damages on a breach of contract claim if the plaintiff did not
prove its damages with reasonable certainty.  [Mem. in Opp.,
Decl. of Dennis W. King ("King Decl."), Exh. H.]  Plaintiff
therefore argues that, since it sued Defendant for nominal
damages on the breach of contract claim, Defendant is only
entitled to nominal attorneys' fees, or twenty-five percent of
one dollar.  [Mem. in Opp. at 7-8.]

If the Court finds that Defendant is entitled to more
than nominal attorneys' fees, Plaintiff argues that the Court

7

should use the minimum jurisdictional amount as the amount of damages sought in the assumpsit claims.  Thus, Defendant would only be entitled to twenty-five percent of $75,000, or $18,750. [Id. at 12-14.]  Defendant cannot rely on the one million dollars in punitive damages that Plaintiff requested in the First Amended Complaint because Plaintiff sought the punitive damages in connection with the fraud claim, which sounds in tort.  [Id. at 16-17.]

Plaintiff also argues that the hourly rates that defense counsel seeks are unreasonably high.  Plaintiff contends that the Laffey Matrix is not a reasonable tool to gauge the prevailing market rates in Hawai`i because it is based on the Washington D.C. market.  Plaintiff notes that this Court previously awarded defense counsel Lex Smith, Esq., $200 per hour in Berry v. Hawaiian Express Service, Inc., 2006 WL 4102120, at *13.  Plaintiff urges the Court to apply the same rate in this case, especially since Plaintiff's counsel has eleven more years of experience than Mr. Smith and only billed $195 per hour in this case.  [Mem. in Opp. at 21.]  Plaintiff similarly urges the Court to reduce all of the requested hourly rates, consistent with the rates previously awarded in this Court and in the other courts in the district.

Finally, Plaintiff argues that Defendant is not entitled to attorneys' fees based on frivolousness or bad faith.

Neither Plaintiff's case as a whole nor its individual motions were frivolous.  Plaintiff emphasizes that Defendant did not oppose any of Plaintiff's motions during the case based on frivolousness, and neither this Court nor the district judge has found that Plaintiff's claims or motions were frivolous. Plaintiff denies that it took any actions during the case for reasons of harassment, delay, or other improper purposes. Plaintiff argues that it was Defendant that unduly delayed the progress of the case.

In its reply, Defendant reiterates that its attorneys' fees cannot be apportioned between assumpsit and non-assumpsit claims because all of the claims are based on the same factual allegations and are inextricably linked.  Defendant also reiterates that Counts III through VII lie in assumpsit. Defendant argues that the fraud claim cannot be a tort claim because there was no bodily injury or foreseeable serious emotional distress.  The claims are based on Defendant's alleged non-performance of obligations arising from a contract between the parties.  Defendant argues that the First Amended Complaint's prayer for attorneys' fees creates an presumption that the claims are in the nature of assumpsit.

As to the twenty-five percent limitation in § 607-14, Defendant argues that, under Hawai`i case law, where it is impossible to determine what judgment a plaintiff could have

9

recovered, the prevailing defendant may be awarded all of its attorneys' fees.  Further, Plaintiff itself estimated its punitive damages, unjust enrichment claim, and lost profits at over $2 million.  Although defense counsel argued that the jury could award Plaintiff nominal damages if it prevailed on the breach of contract claim, Plaintiff never agreed that it was only seeking nominal damages for the assumpsit claims.  Defendant therefore argues that it is unnecessary to artificially limit its attorneys' fees.

Defendant also emphasizes that Plaintiff never argued that its contract claims were secondary until the Motion. Defendant argues that this constitutes an admission that the claims were frivolous and that an award under § 607-14.5 is warranted.

Finally, Defendant argues that its requested fees are reasonable.  Defendant emphasizes that it incurred less fees than Plaintiff did and that it adjusted the Laffey Matrix to account for the differences between Washington D.C. market rates and Hawai`i market rates.  Defendant also denies that there are any improper block billing, clerical, or excessive entries in counsel's time records.  Defendant urges the Court to award its requested fees in full.

The Supplement incorporates all of the arguments raised in the Motion and requests an additional $12,971.50 in attorneys'

fees associated with Plaintiff's Motion for New Trial.
Plaintiff's memorandum in opposition to the Supplement
incorporates all of its arguments in the original memorandum in
opposition to the Motion.  In addition, Plaintiff argues that
Defendant is not entitled to any attorneys' fees associated with
the Motion for New Trial because it focused on the claim alleging
violations of the Hawai`i Franchise Investment Law, which is not
a claim in the nature of assumpsit.  Even assuming, *arguendo*,
that attorneys' fees associated with the Motion for New Trial
were recoverable under § 607-14, Plaintiff argues that Defendant
is not entitled to any additional fees because: the fees
requested in the Motion already exceed the twenty-five percent
limit in § 607-14; and Defendant failed to meet-and-confer with
Plaintiff as required by Local Rule 54.3(b).  If this Court finds
that Defendant is entitled to attorneys' fees associated with the
Motion for New Trial, Plaintiff argues that the fees should not
exceed $4,875.00, based on 39.0 hours at an adjusted rate of $125
per hour.  [Mem. in Opp. to Supplement at ¶ 4.]

## DISCUSSION

          A federal court sitting in diversity must apply state
law in determining whether the prevailing party is entitled to
attorneys' fees.  See Farmers Ins. Exch. v. Law Offices of
Conrado Joe Sayas, Jr., 250 F.3d 1234, 1236 (9th Cir. 2001).
Under Hawai`i law, "[o]rdinarily, attorneys' fees cannot be

awarded as damages or costs unless so provided by statute, stipulation, or agreement." Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai`i 286, 305, 141 P.3d 459, 478 (2006) (citation and quotation marks omitted).

## I.    **Requirement to Meet-and-Confer**

At the outset, this Court notes that Plaintiff argues that Defendant is not entitled to any of the additional attorneys' fees requested in the Supplement because Defendant did not meet-and-confer with Plaintiff regarding those fees.  Local Rule 54.3(b) states, in pertinent part:

> The court will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel advises the court in writing that, after consultation, or good faith efforts to consult, the parties are unable to reach an agreement with regard to the fee award or that the moving counsel has made a good faith effort, but has been unable, to arrange such a conference.

The Supplement, however, is not a new motion for attorneys' fees. In this Court's May 25, 2010 order denying the Motion without prejudice, this Court gave Defendant leave to renew the Motion and to supplement it with a request additional attorneys' fees, if appropriate.  While parties are always encouraged to try to resolve their disputes amongst themselves, insofar as the Supplement was not a new motion for attorneys' fees, Defendant was not **required** to meet and confer with Plaintiff before filing the Supplement.  This Court therefore rejects Plaintiff's argument that the Supplement violates Local Rule 54.3(b).

12

II.  **Haw. Rev. Stat. § 607-14**

Defendant primarily seeks an award of fees pursuant to

Haw. Rev. Stat. § 607-14, which states, in pertinent part:

> In all the courts, in all actions in the nature of
> assumpsit and in all actions on a promissory note
> or other contract in writing that provides for an
> attorney's fee, there shall be taxed as attorneys'
> fees, to be paid by the losing party and to be
> included in the sum for which execution may issue,
> a fee that the court determines to be reasonable;
> provided that the attorney representing the
> prevailing party shall submit to the court an
> affidavit stating the amount of time the attorney
> spent on the action and the amount of time the
> attorney is likely to spend to obtain a final
> written judgment, or, if the fee is not based on
> an hourly rate, the amount of the agreed upon fee.
> The court shall then tax attorneys' fees, which
> the court determines to be reasonable, to be paid
> by the losing party; provided that this amount
> shall not exceed twenty-five per cent of the
> judgment.

A court awarding attorneys' fees pursuant to § 607-14 must

apportion the fees claimed between assumpsit and non-assumpsit

claims, if practicable.  See Porter v. Hu, 116 Hawai`i 42, 66,

169 P.3d 994, 1018 (Ct. App. 2007) (citing Blair v. Ing, 96

Hawai`i 327, 332, 31 P.3d 184, 189 (2001)).

A.  **Prevailing Party**

The Hawai`i courts have noted that "'[i]n general, a

party in whose favor judgment is rendered by the district court

is the prevailing party in that court, plaintiff or defendant, as

the case may be. . . .'"  MFD Partners v. Murphy, 9 Haw. App.

509, 514, 850 P.2d 713, 716 (1992) (quoting 6 J. Moore, W.

13

Taggart & J. Wicker, Moore's Federal Practice ¶ 54.70[4], at

54-323-54-324, (2d ed. 1992)) (some alterations in original); <u>see</u>

<u>also</u> <u>Village Park Cmty. Ass'n v. Nishimura</u>, 108 Hawai`i 487, 503,

122 P.3d 267, 283 (Ct. App. 2005) (quoting <u>MFD Partners</u>).  In the

present case, Defendant is the prevailing party for purposes of §

607-14 because it obtained final judgment in its favor.  <u>Accord</u>

<u>Kamalu v. Paren, Inc.</u>, 110 Hawai`i 269, 278, 132 P.3d 378, 387

(2006) ("In sum, a prevailing party having 'obtained' 'a final

judgment' 'against the State,' we hold that the court may award

the prevailing party its 'actual disbursements' pursuant to [Haw.

Rev. Stat.] §§ 607-9 and 607-24 . . . .").

### B.   <u>Assumpsit Claims</u>

As the prevailing party, Defendant is entitled to the

attorneys' fees it incurred in connection with the defense of any

claims that were in the nature of assumpsit.

> In deciding whether a claim is "in the nature of
> assumpsit," the Hawai`i Supreme Court has stated:
>> Assumpsit is a common law form of action
>> which allows for the recovery of damages for
>> non-performance of a contract, either express
>> or implied, written or verbal, as well as
>> quasi-contractual obligations.  In deciding
>> whether to award fees under HRS § 607-14, the
>> court must determine the nature of the
>> lawsuit where both assumpsit and
>> non-assumpsit claims are asserted in an
>> action.  In ascertaining the nature of the
>> proceeding on appeal, this court has looked
>> to the essential character of the underlying
>> action in the trial court.  The character of
>> the action should be determined from the
>> facts and issues raised in the complaint, the
>> nature of the entire grievance, and the

> relief sought.  Where there is doubt as to
> whether an action is in assumpsit or in tort,
> there is a presumption that the suit is in
> assumpsit.

Porter, 116 Hawai`i at 66, 169 P.3d at 1018 (quoting Blair, 96

Hawai`i at 332, 31 P.3d at 189).

The parties agree that Count I - violation of the

Hawai`i Franchise Investment Law, and Count II - violation of the

Hawai`i Motor Vehicle Licensing Act do not sound in assumpsit.

The parties also agree that Count III - breach of contract and

Count IV - breach of covenant of good faith and fair dealing are

assumpsit claims.[3]  This Court agrees with the parties'

characterization of Counts I through IV.

The parties dispute whether and Count V - unjust

enrichment, Count VI - fraud, misrepresentation, concealment, and

nondisclosure, and Count VII - punitive damages, are assumpsit

claims.  First, the Court notes that, under Hawai`i law, a claim

for punitive damages is not an independent cause of action.  It

"'is purely incidental to a separate cause of action.'"  Mullaney

v. Hilton Hotels Corp., 634 F. Supp. 2d 1130, 1152 (D. Hawai`i

2009) (quoting Ross v. Stouffer Hotel Co., 76 Hawai`i 454, 466,

879 P.2d 1037, 1049 (1994)) (some citations omitted).  Thus,

---

[3] Defendant argues that Plaintiff has conceded that Count V - unjust enrichment - is an assumpsit claim.  [Reply at 5.] Plaintiff, however, actually argued that only two of its claims were assumpsit claims, presumably Counts III and IV, are assumpsit claims.  [Mem. in Opp. at 12.]

Plaintiff's claim for punitive damages was incidental to all of its prior claims.  [First Amended Complaint at ¶ 82 ("Plaintiff realleges and incorporates by reference herein all preceding allegations and paragraphs."), ¶ 83 ("The above-described actions of Defendant Isuzu were willful, wanton, malicious, and/or done with reckless indifference to Plaintiff Jackson's rights.").]

In Count V, Plaintiff alleged that

> In the alternative to the two preceding counts [breach of contract and breach of covenant of good faith and fair dealing] since the Agreement does not expressly address compensation of [Plaintiff] as a Dealer under these circumstances . . . , [Plaintiff's] damages are not entirely quantifiable by reference to specific numbers set forth in the Agreement or susceptible of proof by reference to only terms in the Agreement.

[First Amended Complaint at ¶ 62.]  Thus, Count V presented an alternate theory of recovery to Counts III and IV and was an attempt to recover monetary damages through the equitable enforcement of Defendant's contractual obligations.  Count V is therefore also an assumpsit claim.  See Porter, 116 Hawai`i at 59, 169 P.3d at 1011 (stating that "[a]ssumpsit embraces quasi-contractual remedies such as unjust enrichment").

In Count VI, Plaintiff essentially alleged that

> Defendant Isuzu, its parent, affiliates or subsidiaries, formed a plan, intention, design, or desire . . . in 2007 to discontinue the sale of passenger vehicles in North America but chose to delay or hold off the public announcement of that plan until early 2008 in order, among other reasons, to ensure that it was not obligated to

16

> compensate its dealers . . . for the repurchase of
> Isuzu vehicles for time periods older than the
> model years 2008 or 2009.

[First Amended Complaint at ¶ 70.]  Plaintiff alleges that

Defendant intentionally and/or negligently made various

"misrepresentations, inducements, promises, and/or omissions with

the purpose of inducing its dealers including Plaintiff Jackson

to continue to purchase Isuzu passenger vehicles to diminish

Isuzu's supply of them prior to its public announcement."  [Id.

at ¶ 79.]

In holding that the plaintiff's fraud and breach of

fiduciary duty claims sounded in tort and not assumpsit, the

Hawai`i Supreme Court noted that:

> Although Shimizu argues that TSA's claims are all
> predicated upon the Basic Agreement and the
> partnership agreement, TSA's claims do not involve
> monetary damages based upon the non-performance of
> a contractual or quasi-contractual obligation
> (*i.e.*, breach of contract).  The mere fact that
> TSA's claims relate to a contract between the
> parties does not render a dispute between the
> parties an assumpsit action.

TSA Int'l Ltd. v. Shimizu Corp., 92 Hawai`i 243, 264, 990 P.2d

713, 734 (1999).  Similarly, in the instant case, although the

alleged fraudulent conduct related to the contractual

relationship between Plaintiff and Defendant, Count VI does not

seek monetary damages for the performance or nonperformance of

contractual or quasi-contractual obligations.

This Court therefore FINDS that Counts III, IV, and V

17

are in the nature of assumpsit, and Counts I, II, and VI are not.

Count VII is not an independent claim and is merely incidental to

the other counts.

C.    **Apportionment**

The Hawai`i Intermediate Court of Appeals ("ICA") has

stated that:

> When a cause of action for which attorney fees are
> provided by statute is joined with other causes of
> action for which attorney fees are not permitted,
> the prevailing party may recover only on the
> statutory cause of action.  However, the joinder
> of causes of action should not dilute the right to
> attorney fees.  Such fees need not be apportioned
> when incurred for representation of an issue
> common to both a cause of action for which fees
> are permitted and one for which they are not.  All
> expenses incurred on the common issues qualify for
> an award.  When the liability issues are so
> interrelated that it would have been impossible to
> separate them into claims for which attorney fees
> are properly awarded and claims for which they are
> not, then allocation is not required.

Porter, 116 Hawai`i at 69, 169 P.3d at 1021 (quoting Akins v.

Enter. Rent-A-Car Co., 94 Cal. Rptr. 2d 448, 452 (2000)).  In

Porter, the ICA noted that the plaintiffs' claims "were based on

a common core of facts, occurred roughly within the same

two-month span of time, and were based on similar legal

theories[,]" and that "counsels' time was devoted largely to the

litigation as a whole and not divisible into discrete slivers

neatly matching each claim advanced."  Id.  The ICA held that the

circuit court did not abuse its discretion in awarding the

plaintiffs fifty percent of their requested fees for their Haw.

Rev. Stat. Chapter 481A claim, see id. at 70, 169 P.3d at 1022, even though it was only one of several claims, see id. at 47-48, 169 P.3d at 999-1000 (listing claims).

In the instant case, this Court agrees with Defendant that all of Plaintiff's claims were predicated on a common core of facts and that defense counsel's time was largely devoted to the action as a whole.  The Court therefore cannot determine precisely how many hours of counsel's work were attributable to the assumpsit claims and how many hours were attributable to the non-assumpsit claims.  The Court, however, finds that some apportionment is necessary because the non-assumpsit claims were a significant part of this case.  The Court FINDS that fifteen percent of all hours billed by defense counsel and their staff should be deducted to account for the non-assumpsit claims.

## D.  **Calculation of Fees under § 607-14**

Hawai`i courts calculate reasonable attorneys' fees based on a method that is virtually identical to the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See DFS Group L.P. v. Paiea Props., 110 Hawai`i 217, 222, 131 P.3d 500, 505 (2006).  The court must determine a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate.  See id. at 222-23, 131 P.3d at 505-06.  In addition, Hawai`i courts may consider the following factors:

> (1) the time and labor required, the novelty and
> difficulty of the questions involved and the skill
> requisite properly to conduct the cause; (2)
> whether the acceptance of employment in the
> particular case will preclude the lawyer's
> appearance for others in cases likely to arise out
> of the transaction, and in which there is a
> reasonable expectation that otherwise he would be
> employed, or will involve the loss of other
> employment while employed in the particular case
> or antagonisms with other clients; (3) the
> customary charges of the Bar for similar services;
> (4) the amount involved in the controversy and the
> benefits resulting to the client from the
> services; (5) the contingency or the certainty of
> the compensation; and (6) the character of the
> employment, whether casual or for an established
> and constant client.

Chun v. Bd. of Trs. of Employees' Ret. Sys. of Hawai`i, 106

Hawai`i 416, 435, 106 P.3d 339, 358 (2005) (citations omitted).

These factors, however, are merely guides; courts need not

consider them in every case.  See id.  In certain types of cases,

some of these factors may justify applying a multiplier to the

"lodestar" amount.  See Chun v. Bd. of Trs. of Employees' Ret.

Sys. of Hawai`i, 92 Hawai`i 432, 442, 992 P.2d 127, 137 (2000).

Defendant requests the following lodestar amount for

work performed in this case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Bert Kobayashi, Jr. | 24.1 | $450 | $ 10,845.00 |
| Lex Smith | 371.8 | $275 | $102,245.00 |
| Joseph Stewart | 1258.7 | $250 | $314,675.00 |
| Jesse Schiel | 194.4 | $200 | $ 38,880.00 |
| Jonathan Moore | 54.6 | $190 | $ 10,374.00 |

20

| | | | |
|---|---|---|---|
| Maria Wang | 615.5 | $170 | $104,635.00 |
| J. Garrett Karr | 128.1 | $120 | $ 15,372.00 |
| Bradley Apao | 182.6 | $ 60 | $ 10,956.00 |
| Na Sil Heo | 40.7 | $ 50 | $  2,035.00 |
| Nicholas Monlux | 37.3 | $ 70 | $  2,611.00 |
| | | **TOTAL** | **$612,628.00** |

[Motion, Itemization of Attorneys' Fees ("Itemization of Fees"); Supplement, Decl. of Lex R. Smith, Exh. 1.] Defense counsel were admitted to the Hawai`i State Bar during the following years: Mr. Kobayashi - 1965; Mr. Smith - 1983; Mr. Stewart - 1999; Mr. Schiel - 2003; Mr. Moore - 2008; and Ms. Wang - 2007.

Mr. Karr is a paralegal who has been with Kobayashi, Sugita & Gota ("KSG") for over fifteen years. During his time with KSG, Mr. Karr has assisted with more than twenty trials. [Smith Decl. at ¶ 8.] Mr. Monlux is a paralegal who graduated from law school in 2008. [Id. at ¶ 9.] Mr. Smith's declaration does not state what positions Bradley Apao and Na Sil Heo hold at KSG. The Itemization of Fees, however, states that they are each a "Paralegal I" while Mr. Karr and Mr. Monlux are each a "Paralegal II". [Itemization of Fees at 46.] Bradley Apao has been with KSG for two years, and Na Sil Heo has been with KSG for seven months. [Smith Decl. at ¶ 10.]

### 1.   Reasonable Hourly Rate

The Hawai`i courts determine reasonable hourly rates in

a manner virtually identical to the traditional lodestar formulation and some courts have considered federal law in determining a reasonable hourly rate.  See, e.g., Reiche v. Ferrera, No. 24449, 2003 WL 139608, at *8 (Hawai`i Ct. App. Jan. 16, 2003) ("The reasonable hourly rate is that prevailing in the community for similar work." (citing United States v. Metro. Dist. Comm'n, 847 F.2d 12, 19 (1st Cir. 1988)).  But see DFS Group, 110 Hawai`i at 223, 131 P.3d at 506 (determining a reasonable hourly rate by calculating the average of the four requested rates).  This Court therefore finds that federal case law on the determination of a reasonable hourly rate is instructive in the instant case.

        In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'q, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

        In addition to their own statements, attorneys are required to submit additional evidence that the rates charged are reasonable.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263

(9th Cir. 1987).  Although Defendant did not do this,[4] this Court
is well aware of the prevailing rates in the community for
similar services performed by attorneys of comparable experience,
skill, and reputation.  Based on this Court's knowledge of the
prevailing rates in the community and prior attorneys' fee awards
in this district, this Court FINDS that the requested hourly
rates of Lex Smith,[5] Nicholas Monlux, Bradley Apao, and Na Sil
Heo are manifestly reasonable.[6]  The Court finds that the
requested hourly rates of Mr. Kobayashi, Mr. Stewart, Mr. Schiel,
Mr. Moore, and Ms. Wang are excessive.

     Mr. Kobayashi has been practicing law for over forty
years.  Mr. Kobayashi's level of expertise is comparable to that
of Paul Alston, Esq., who this Court has recently awarded an
hourly rate of $350.  See Blake, et al. v. Nishimura, et al., CV
08-00281 LEK, Order Granting in Part and Denying in Part

---

     [4] This Court does not accept the Laffey Matrix as evidence
of the prevailing market rates in Hawai`i, even though Defendant
attempted to adjust it to account for the differing rates between
Washington D.C. and Hawai`i.

     [5] Plaintiff asks this Court to award Mr. Smith $200 per hour
because this Court awarded him that rate in Berry v. Hawaiian
Express Service, Inc., et al.  In that case, however, the party
seeking attorneys' fees only sought $200 per hour for Mr. Smith.
See CV 03-00385 SOM-LEK, Report of Special Master, filed 12/4/06
(dkt. no. 1017) at 52.  This Court therefore will not limit Mr.
Smith's hourly rate in the instant case to the rate this Court
awarded in Berry.

     [6] The Court notes that its finding that Bradley Apao and Na
Sil Heo's hourly rates are manifestly reasonable only applies to
the extent that their work is compensable.

Plaintiffs' Motion for Award of Attorneys' Fees and Costs, filed 3/31/10 (dkt. no. 107), at 13-14; see also Sound, et al. v. Koller, et al., CV 09-00409 JMS-KSC, Report of Special Master Recommending that Plaintiffs' Motion for Attorneys' Fees and Non-taxable Expenses Be Granted in Part and Denied in Part, filed 3/5/10 (dkt. no. 31), at 15-18.[7]  This Court FINDS that $350 per hour is a reasonable hourly rate for Mr. Kobayashi based on his expertise and the demands of this case.

Mr. Stewart was admitted to the bar in 1999, and Mr. Schiel was admitted in 2003.  This Court has awarded attorneys with comparable experience between $180 and $185 per hour.  See Blake, Order at 16 (attorney licensed since 2002 requested $250 per hour and received $180); Taylor H., et al. v. Dep't of Educ., State of Hawaii, CV 09-00020 SOM-LEK, Report of Special Master on Plaintiffs' Motion for Attorneys' Fees and Costs, filed 1/15/10 (dkt. no. 38), at 8-9 (attorney licensed since 2000 requested and received $185).[8]  This Court FINDS that $185 is a reasonable hourly rate for Mr. Stewart, and that $180 is a reasonable hourly rate for Mr. Schiel.

Ms. Wang was admitted to the bar in 2007, and Mr. Moore was admitted in 2008.  This Court typically awards attorneys with

---

[7] The district judge in Sound affirmed the Report of Special Master on May 19, 2010.

[8] The district judge in Taylor H. adopted this Court's Report of Special Master on February 17, 2010.

two to three years of experience $130 per hour.  See Ko Olina Dev., LLC, et al. v. Centex Homes, CV 09-00272 DAE-LEK, Order Awarding Attorneys' Fees and Costs, filed 2/9/10 (dkt. no. 126), at 7-8 (attorney admitted in 2007 requested $210 per hour and was awarded $130); Horizon Lines, LLC v. Camellia Dairy, Inc., CV 08-00039 JMS-LEK, Amendment to Findings and Recommendations for Entry of Default Judgment, Filed June 16, 2008, filed 9/3/08 (dkt. no. 21), at 2, 8 (attorney admitted in 2007 requested $145 and $150 per hour, but was awarded $130);[9] Won, et al. v. England, et al., CV 07-00606 JMS-LEK, Report of Special Master on Defendant's Motion for Attorney's Fees and Costs, filed 7/15/08 (dkt. no. 84), at 7-8 (attorney admitted in 2006 requested $155, but was awarded $130).[10]  This Court FINDS that $130 is a reasonable hourly rate for both Ms. Wang and Mr. Moore.

This Court also notes that Mr. Karr's requested rate of $120 per hour is inconsistent with this Court's awards in prior cases for paralegals with lengthy or specialized experience. See, e.g., Nicholas M., et al. v. Dep't of Educ., State of Hawaii, CV 09-00162 HG-LEK, Report of Special Master on Plaintiffs' Motion Determining Plaintiffs as Prevailing Party and for Award of Attorneys' Fees and Costs, filed 12/3/09 (dkt. no.

---

[9] The district judge in Horizon Lines adopted the amended findings and recommendations on September 29, 2008.

[10] The district judge in Won adopted this Court's Report of Special Master on August 18, 2008.

17), at 7-9 (paralegal requested and received $85 per hour);[11]

<u>Won</u>, Report of Special Master at 7-8 (paralegal requested $120 per hour and received $85); <u>Mabson v. Ass'n of Apartment Owners of Maui Kamaole</u>, CV 06-00235 DAE-LEK, Report of Special Master on the Amount of Rule 11 Sanctions Against Plaintiffs' Counsel, filed 2/26/08 (dkt. no. 94), at 6-8 (paralegal requested $125 per hour and received $85).[12]  This Court therefore FINDS $85 to be a reasonable hourly rate for Mr. Karr.

## 2.   <u>Reasonable Hours Spent</u>

For the reasons stated in Section I.D.1., this Court finds federal case law instructive on the issue of the reasonable number hours expended on the instant case.  Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Hawai`i 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See</u> <u>id.</u> at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987)).  A

---

[11] The district judge in <u>Nicholas M.</u> adopted this Court's Report of Special Master on January 21, 2010.

[12] The district judge in <u>Mabson</u> adopted this Court's Report of Special Master on May 13, 2008.

court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" will not be compensated. See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

### a.  **Block Billing**

Plaintiff argues that this Court should reduce defense counsel's hours for block billing.  "The term 'block billing' refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." Robinson v. City of Edmond, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (citations and quotation marks omitted).  There were some instances of block billing in the Itemization of Fees.  For example, on August 13, 2009, Mr. Stewart billed 4.00 hours for: "Meeting with Plaintiff's counsel regarding discovery; prepare subpoena for C. Jackson; review Schuman report; telephone conference with P. Hirose regarding discovery".  [Itemization of Fees at 14.]  Although all of the tasks related to discovery, each task was distinct, and this Court cannot evaluate the reasonableness of the amount of time spent on each task.  Not all of the entries, however, are in block billing format.  For

27

example, Mr. Stewart has three separate entries for three case development tasks on October 17, 2008, [id. at 9,] and Na Sil Heo billed a total of 15.0 hours on December 22, 2009 and 8.2 hours on December 29, 2009 for motions practice, but also specified the number of hours spent on each task during that time.  [Id. at 51.]

Viewing defense counsel's request as a whole, this Court finds that the limited instances of block billing do not prevent the Court from evaluating the reasonableness of the hours expended.  The Court therefore declines to apply a reduction for block billing.  The Court, however, cautions KSG that it should avoid this practice in future cases because it prevents the Court from reviewing the reasonableness of the time spent on each task. If KSG continues to use block billing, this Court may employ a percentage reduction in future cases.

### b.   Clerical or Ministerial Tasks

Plaintiff argues that the Court should reduce defense counsel's time for administrative or clerical tasks.  This Court agrees that such tasks are not compensable because "[c]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  See Jeremiah B., et al. v. Dep't of Educ., CV 09-00262 DAE-LEK, Report of Special Master on Award of Attorneys' Fees and Costs, filed 1/29/10 (dkt. no 26), at 11 (citing Sheffer v. Experian Info. Solutions, Inc., 290

28

F. Supp. 2d 538, 549 (E.D. Pa. 2003)).[13]  Bates stamping and
other labeling of documents, printing and scanning documents,
creating indexes, internal filing of documents, database entry,
and electronic filing with the district court's cm/ecf system are
non-compensable clerical tasks.  The Court will therefore deduct
140.0 hours from Bradley Apao's time, 17.0 hours from Na Sil
Heo's time, and 4.0 hours from Garrett Karr's time for clerical
or ministerial tasks.

c.   <u>**Excessive or Duplicative Time**</u>

Plaintiff also argues that this Court should reduce
counsel's hours because Defendant had numerous attorneys whose
work was duplicative and excessive.  This Court agrees with
Defendant that counsel took steps to ensure that there was not
unnecessary duplication of work.  For example, a particular
partner, sometimes working with an associate, was assigned
responsibility for specific motions so as not to duplicate work
among the partners.  This Court therefore declines to reduce
counsel's hours for duplicative work.

The Court, however, agrees with Plaintiff that the
number of hours that the attorneys billed was excessive.  For
example, Mr. Smith billed 6.3 hours in connection with
Plaintiff's Motion for New Trial; Mr. Stewart billed 30.2 hours;

---

[13] The district judge in <u>Jeremiah B.</u> adopted this Court's
Report of Special Master on February 22, 2010.

and Ms. Wang billed 21.7 hours.  [Supplement, Decl. of Lex R.

Smith, Exh. 1.]  Counsel spent almost sixty hours in connection

with a motion which the district judge decided without a hearing.

This Court would not award more than twelve to fifteen hours in

connection with Defendant's memorandum in opposition to

Plaintiff's Motion for New Trial.  This Court will therefore

reduce all of the attorneys' time by fifteen percent to account

for excessive hours.[14]

  The Court finds that the remainder of counsel's time

was necessary and reasonable in this case.

  **3.** **Total Lodestar Award**

  Based on the foregoing, this Court finds that Defendant

has established the appropriateness of an award of attorneys'

fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|----------|-------|------|----------|
| Bert Kobayashi, Jr. | 20.5 | $350 | $  7,175.00 |
| Lex Smith | 316.0 | $275 | $ 86,900.00 |
| Joseph Stewart | 1069.9 | $185 | $197,931.50 |
| Jesse Schiel | 165.2 | $180 | $ 29,736.00 |
| Jonathan Moore | 46.4 | $130 | $  6,032.00 |
| Maria Wang | 523.2 | $130 | $ 68,016.00 |
| J. Garrett Karr | 124.1 | $ 85 | $ 10,548.50 |

---

[14] After applying the reductions for clerical work to the
paralegals' time, the Court finds that the paralegals' hours are
not excessive.

| Bradley Apao | 42.6 | $ 60 | $  2,556.00 |
|---|---|---|---|
| Na Sil Heo | 23.7 | $ 50 | $  1,185.00 |
| Nicholas Monlux | 37.3 | $ 70 | $  2,611.00 |
|  |  | Subtotal | $412,691.00 |
| 15% reduction for non-assumpsit claims | | | −$61,903.65 |
| **TOTAL** | | | **$350,787.35** |

This Court finds it unnecessary to adjust the award amount based on the factors articulated in <u>Chun</u>.  <u>See</u> 106 Hawai`i at 435, 106 P.3d at 358.

### 4.   <u>Twenty-five Percent Limitation</u>

Section 607-14 limits the award of attorneys' fees to twenty-five percent of the judgment.  The fee award is "assessed . . . upon the amount sued for if the defendant obtains judgment."  Haw. Rev. Stat. § 607-14.  Plaintiff argues that, because the First Amended Complaint did not specify a specific dollar amount for the breach of contract claim and Plaintiff did not argue a specific dollar amount to the jury for that claim, this Court should only attribute nominal value of $1 to the claim.  [Mem. in Opp. at 7.]  Plaintiff notes that, during Defendant's closing argument, Mr. Smith argued that, if the jury found in favor of Plaintiff on the breach of contract claim, it should only award Plaintiff $1 in damages.  Further, the district judge instructed the jury that it must award nominal damages of $1 if Plaintiff prevailed on the breach of contract claim but did

not prove the amount of its damages with reasonable certainty. [Exh. H to King Decl.]  Defendant's argument and the jury instruction, however, do not establish the amount that Plaintiff sued for on the breach of contract claim.  There is no indication in the record that Plaintiff sought nominal damages for the breach of contract claim.

Even assuming, *arguendo*, that Plaintiff did seek nominal damages for Count III, in Count V - the unjust enrichment claim, Plaintiff argued that Defendant "wrongfully refused to properly and fully compensate Plaintiff Jackson for its full inventory of Isuzu vehicles and parts at appropriate prices required by Hawaii law[,]" [First Amended Complaint at ¶ 65,] and that Defendant "has been unjustly enriched at Plaintiff's expense by the sale of Isuzu vehicles and parts to [Plaintiff]".  [Id. at ¶ 66.]  Count V sought the disgorgement of the funds that Defendant has unjustly retained.  [Id. at ¶ 67.]  This Court therefore finds that the value of Plaintiff's inventory and parts is the amount sued for in Count V.  [King Decl., Exh. E (Trial Exhibit 103, July 8, 2009 damages report by Plaintiff's expert).]  Plaintiff's expert valued the cost of Plaintiff's inventory, parts, and tools at $1,094,248.  [Id. at 2.]

Further, as noted *supra*, Plaintiff's prayer for one million dollars in punitive damages applied to all counts, including breach of contract.  "[A] punitive damages claim

32

arising from a breach of contract action sounds in both contract and tort." Cuson v. Maryland Cas. Co., 735 F. Supp. 966, 970-71 (D. Hawai`i 1990).  This Court therefore finds that the amount that Plaintiff sued for in the assumpsit claims was at least $2,094,248.00.  The recommended award of attorneys' fees in this case is well within twenty-five percent of that amount.

### E.   Costs under § 607-14

Although Haw. Rev. Stat. § 607-14 does not expressly authorize an award of costs in addition to attorneys' fees, Hawai`i courts award costs pursuant to § 607-14.  See, e.g., Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Hawai`i 37, 52, 951 P.2d 487, 502 (1998) (noting that appellate courts have jurisdiction to award attorneys' fees and costs on appeal pursuant to § 607-14).  The total award of attorneys' fees and costs cannot exceed the twenty-five percent limit in § 607-14. See DFS Group, 110 Hawai`i at 220, 131 P.3d at 503 ("§ 607-14 also provides that an award of costs and fees 'shall not exceed twenty-five per cent of the judgment.'").

It is unclear whether Defendant is seeking an award of costs pursuant to § 607-14.  The text of the Motion does not discuss a request for costs.  Defendant only discusses its entitlement to attorneys' fees and the reasonableness of the amount of fees requested.  Defendant, however, submitted a table

33

titled "FEES AND COSTS AS OF 12/31/09". [Exh. J to Smith Decl.]

Mr. Smith states only that Exhibit J "accurately reflects

Defendant's fees and costs incurred as of December 31, 2009."

[Smith Decl. at ¶ 24.]  Exhibit J states that Defendant incurred

the following costs as of December 31, 2009:

| | |
|---|---|
| Fees of Clerk | $394.50 |
| Fees for Service of Summons and<br>  Subpoenas | $287.00 |
| Fees for printed or electronically<br>  recorded transcripts necessarily<br>  obtained for use in the case | $7,660.00 |
| Fees for Witnesses | $223.13 |
| Copying costs | $5,755.89 |
| TOTAL = | $14,320.52 |

[Exh. J. To Smith Decl.]  Defendant did not provide any further

information about these costs, such as which transcripts it

obtained and what documents it copied.

Local Rule 54.3(d)(3) states: "In addition to

identifying each requested non-taxable expense, the moving party

shall set forth the applicable authority entitling the moving

party to such expense and should attach copies of invoices and

receipts, if possible."  Insofar as Defendant: failed to set

forth the legal authority for an award of costs; gave only a

minimal explanation of the costs it incurred; and failed to

attach any supporting documentation, this Court FINDS that the

Motion does not request an award of costs and that Defendant's

failure to include a request for costs in the Motion waives any

entitlement to an award of costs.

### III. <u>Haw. Rev. Stat. § 607-14.5</u>

Defendant also seeks attorneys' fees pursuant to Haw. Rev. Stat. § 607-14.5, which states, in pertinent part:

> (a) In any civil action in this State where a party seeks money damages or injunctive relief, or both, against another party, and the case is subsequently decided, the court may, as it deems just, assess against either party, whether or not the party was a prevailing party, and enter as part of its order, for which execution may issue, a reasonable sum for attorneys' fees and costs, in an amount to be determined by the court upon a specific finding that all or a portion of the party's claim or defense was frivolous as provided in subsection (b).
>
> (b) In determining the award of attorneys' fees and costs and the amounts to be awarded, the court must find in writing that all or a portion of the claims or defenses made by the party are frivolous and are not reasonably supported by the facts and the law in the civil action.  In determining whether claims or defenses are frivolous, the court may consider whether the party alleging that the claims or defenses are frivolous had submitted to the party asserting the claims or defenses a request for their withdrawal as provided in subsection (c).  If the court determines that only a portion of the claims or defenses made by the party are frivolous, the court shall determine a reasonable sum for attorneys' fees and costs in relation to the frivolous claims or defenses.

"A frivolous claim is one manifestly and palpably without merit, so as to indicate bad faith on the pleaders part such that argument to the court was not required."  <u>Lee v. Hawaii Pac. Health</u>, 121 Hawai`i 235, 246, 216 P.3d 1258, 1269 (Ct. App. 2009) (citation and quotation marks omitted).  This is a high standard which Defendant has not met in this case.  Defendant has not

identified any rulings in this case which indicate that
Plaintiff's claims were frivolous.  This Court therefore
RECOMMENDS that Defendant's request for attorneys' fees pursuant
to § 607-14.5 be DENIED.

**IV.  <u>The District Court's Inherent Powers</u>**

Finally, Defendant seeks an award of attorneys' fees
pursuant to the district court's inherent powers.  The Ninth
Circuit has stated that:

> Under its "inherent powers," a district court may
> also award sanctions in the form of attorneys'
> fees against a party or counsel who acts "in bad
> faith, vexatiously, wantonly, or for oppressive
> reasons." <u>Primus Auto. Fin. Servs., Inc. v.
> Batarse</u>, 115 F.3d 644, 648 (9th Cir.1997)
> (discussing a sanction against an attorney)
> (citation omitted).  Before awarding such
> sanctions, the court must make an express finding
> that the sanctioned party's behavior "constituted
> or was tantamount to bad faith." <u>Id.</u> (citation
> omitted).  A party "demonstrates bad faith by
> delaying or disrupting the litigation or hampering
> enforcement of a court order." <u>Id.</u> at 649
> (internal quotation marks and citation omitted).
> The bad faith requirement ensures that the
> district court's exercise of its broad power is
> properly restrained, and "preserves a balance
> between protecting the court's integrity and
> encouraging meritorious arguments." <u>Id.</u>
> Additionally, the amount of monetary sanctions
> must be "reasonable." <u>Brown v. Baden (In re
> Yagman)</u>, 796 F.2d 1165, 1184 (9th Cir.), as
> amended by 803 F.2d 1085 (1986) (reviewing a Rule
> 11 sanction but announcing a standard applicable
> to other sanctions as well).

<u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951, 961 (9th Cir. 2006).

Again, this is a high standard which Defendant has not met in
this case.  Defendant has not identified any rulings in this case

which indicate that Plaintiff acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  This Court therefore RECOMMENDS that Defendant's request for attorneys' fees pursuant to the district court's inherent powers be DENIED.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendant's Motion for Attorneys' Fees, filed March 22, 2010, and Defendant's Renewed Motion for Attorneys' Fees and Supplement, filed June 28, 2010, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge AWARD Defendant $350,787.35 in attorneys' fees.  The Court further RECOMMENDS that the district judge DENY the remainder of the Defendant's request for attorneys' fees and that the district judge FIND that Defendant waived any claim for costs.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 30, 2010.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

JJCO, INC. V. ISUZU MOTORS AMERICA, LLC., ET AL; CIVIL NO. 08-00419 SOM-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT ISUZU MOTORS AMERICA, LLC'S MOTION FOR ATTORNEYS' FEES