IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JJCO, INC., dba JACKSON ISUZU, a Hawaii Corporation,<br><br>                 Plaintiff,<br><br>      vs.<br><br>ISUZU MOTORS AMERICA, INC., a Michigan Corporation, JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL AGENCIES 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>                 Defendants. | Civil No. 08-00419 SOM/LEK<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION REGARDING ISUZU MOTORS AMERICA, LLC'S MOTION FOR ATTORNEY'S FEES |

ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND
RECOMMENDATION REGARDING ISUZU MOTORS AMERICA, LLC'S
<u>MOTION FOR ATTORNEY'S FEES</u>

        Plaintiff JJCO, Inc. dba Jackson Isuzu ("JJCO") objects to the Findings & Recommendation ("F&R") issued by the Magistrate Judge recommending the award of $350,787.35 in attorney's fees to Defendant Isuzu Motors America, Inc. ("Isuzu"). For its part, Isuzu objects to the recommendation that it be denied costs.

        After defeating all of JJCO's claims at trial, Isuzu moved for its attorney's fees under Hawaii Revised Statutes § 607-14. Section 607-14 provides that the prevailing party in an action "in the nature of assumpsit" may collect its reasonable attorney's fees from the losing party, provided that a prevailing defendant may not be awarded attorney's fees exceeding twenty-

five percent of the amount sought by the plaintiff. The Magistrate Judge determined that the essential character of the action was in assumpsit, that 85% of the fees charged should be attributed to work on such claims, and that the twenty-five percent limit should be calculated based upon the entire amount prayed-for in the First Amended Complaint, including JJCO's prayer for punitive damages.

This court now adopts in part and modifies in part the F&R. The court concludes that the maximum fee award section 607-14 permits is $273,562, because the amount on which the fee award may be calculated does not include the punitive damages sought in the complaint. The court also concludes that Isuzu is entitled to its costs, having properly sought them prior to moving for fees. The court adopts the remaining findings of the Magistrate Judge, awarding Isuzu $273,562 in attorney's fees and $30,330.46 in costs.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 2008, Isuzu announced its plan to discontinue distribution of new Isuzu passenger vehicles in North America. The parties subsequently disputed Isuzu's obligations to JJCO, one of Isuzu's dealerships. JJCO filed suit against Isuzu on August 29, 2008, and Isuzu removed the lawsuit to federal court on September 17, 2008. ECF No. 1. JJCO's First Amended Complaint alleged claims for: violation of the Hawaii Franchise

Investment Law (Count I); violation of the Hawaii Motor Vehicle Licensing Act (Count II); breach of contract (Count III); breach of the covenant of good faith and fair dealing (Count IV); unjust enrichment (Count V); fraud, misrepresentation, concealment and nondisclosure (Count VI); and punitive damages (Count VII).  ECF No. 134.  The case proceeded to trial in February 2010.  The court granted Isuzu's motions for judgment as a matter of law as to portions of Count II, as well as Counts IV, VI, and VII.  The jury found in favor of Isuzu as to the remainder of Count II, as well as Counts I and III.  The court ruled in favor of Isuzu on Count V.

Following the entry of final judgment, Isuzu moved for its attorney's fees, pursuant to Hawaii Revised Statutes § 607-14.  See Def. Isuzu Motors Am., LLC's Mot. for Attorney's Fees, Mar. 22, 2010, ECF No. 433; Def. Isuzu Motors Am., LLC's Renewed Mot. for Attorney's Fees & Supplement, June 28, 2010, ECF No. 458.  The court referred the motion to Magistrate Judge Leslie Kobayashi.  On July 30, 2010, Magistrate Judge Kobayashi issued her F&R.  See ECF No. 468.  The F&R found that Isuzu was entitled to fees, pursuant to Hawaii Revised Statutes § 607-14, for work in connection with its defense of any claims that were in the nature of assumpsit.  Id. at 13-14.  The Magistrate Judge found that JJCO's claims for breach of contract (Count III), breach of the covenant of good faith and fair dealing (Count IV), and

unjust enrichment (Count V) were all in the nature of assumpsit, id. at 14-18, and she apportioned 85% of Isuzu's fees to work related to those claims, id. at 18-19. The Magistrate Judge found that JJCO's claims for fraud (Count VI) and for violations of the Hawaii Franchise Investment Law (Count I) and Hawaii Motor Vehicle Licensing Act (Count II) were not in the nature of assumpsit. Id. Finally, she found that JJCO's claim for punitive damages "was incidental to all of its prior claims." Id. at 16.

The Magistrate Judge reviewed Isuzu's requested fees and hours, and recommended an award of $350,787.35. Id. at 19-31. The Magistrate Judge then considered the maximum fee award permissible under section 607-14. The Magistrate Judge found that JJCO sued for $2,094,248 ($1,094,248 as the value of JJCO's inventory, parts and tools, plus $1,000,000 in punitive damages) and that Isuzu was entitled under the statute to collect twenty-five percent of that entire amount. Id. at 31-32. Because this sum was greater than the Magistrate Judge's award of fees to Isuzu, the Magistrate Judge found Isuzu entitled to collect the full amount awarded. Id.

Finally, the F&R found that Isuzu had failed to timely request costs and had therefore waived a claim for costs. F&R at 33-34, 37.

JJCO and Isuzu both filed timely objections to the F&R. See Pl.'s Obj. to Mag. Judge's Findings & Recs. to Grant in Part & Deny in Part Def. Isuzu Motors Am., LLC's Mot. for Att'y's Fees Filed on July 30, 2010 ("JJCO Obj."), ECF No. 470; Def. Isuzu Motors Am., LLC's Obj. to Mag. Judge's Findings & Recommendation ("Isuzu Obj."), ECF No. 469.

II.   ANALYSIS.

   A.   Standard of Review.

Congress has empowered magistrate judges, upon referral of dispositive pretrial motions by district judges, to conduct hearings and issue findings and recommendations regarding dispositive pretrial motions. See 28 U.S.C. § 636(b)(1)(B); see also Fed. R. Civ. P. 72(b) (promulgating rule). The Federal Rules of Civil Procedure permit a district judge to similarly refer a post-judgment motion for attorney's fees "as if it were a dispositive pretrial matter," see Fed. R. Civ. P. 54(d)(2)(D), and such motions are customarily referred to magistrate judges in this district, see Local Rule 54.3(h).

A district judge reviews a magistrate judge's findings and recommendation prior to ruling on the motion, and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. Fed. R. Civ. P. 72(b). If a party timely objects to portions of the findings and recommendation, the district judge reviews those portions of the

findings and recommendation <u>de novo</u>.  Fed. R. Civ. P. 72(b)(3); Local Rule 74.2.  The district judge may consider the record developed before the magistrate judge.  Local Rule 74.2.  The district judge also has discretion to receive further evidence.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 74.2; <u>see also</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980) (district judge has wide discretion in deciding whether to allow new evidence).  The <u>de novo</u> standard requires the district court to consider a matter anew and arrive at its own independent conclusions, but a <u>de novo</u> hearing is not ordinarily required.  <u>United States v. Remsing</u>, 874 F.2d 614, 617 (9th Cir. 1989); <u>United States v. Boulware</u>, 350 F. Supp. 2d 837, 841 (D. Haw. 2004); Local Rule 74.2.

  The district judge may accept the portions of the findings and recommendation to which the parties have not objected as long as it is satisfied that there is no clear error on the face of the record.  <u>See</u> <u>United States v. Bright</u>, Civ. No. 07-00311 ACK/KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); <u>Stow v. Murashige</u>, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003); Fed. R. Civ. P. 72(b) advisory committee's note.

  The court finds that a hearing on this matter is neither necessary nor appropriate.  <u>See</u> Local Rule 7.2(d).

B.   This Action Is In the Nature of Assumpsit.

JJCO first objects broadly that the recommended award is excessive because "the heart of this case has always been Isuzu's failure to comply with its obligations under the Hawaii Franchise Law," including the repurchase of JJCO's new vehicles. JJCO Obj. at 2-3.  JJCO argues that the trial testimony "overwhelmingly" related to these issues, as did 90% of the trial exhibits, and that JJCO did not quantify damages for the asserted breach of contract.  Id. at 3-4.

Hawaii Revised Statutes § 607-14 permits recovery of reasonable attorney's fees "in all actions in the nature of assumpsit."[1]  Conversely, when the essential character of the action is not in the nature of assumpsit, attorney's fees may not be awarded under section 607-14.  See Kahala Royal Corp. v. Goodsill Anderson Quinn & Stifel, 151 P.3d 732, 763, 113 Haw. 251, 282 (2007).  Assumpsit is "a common law form of action which allows for the recovery of damages for nonperformance of a contract, either express or implied, written or verbal, as well as quasi-contractual obligations."  Schulz v. Honsador, 690 P.2d 279, 281, 67 Haw. 433, 435 (1984), overruled on other grounds, Blair v. Ing, 31 P.3d 184, 188 n.6, 96 Haw. 327, 332 n.6 (2001).

---

[1] Because this court sits in diversity, it follows Hawaii law to determine whether to allow attorney's fees.  Montserrat Overseas Holdings, S.A. v. Larsen, 709 F.2d 22, 24 (9th Cir. 1983) (per curiam).

7

To determine whether the "essential character" of the action sounds in assumpsit, a court looks to "the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought." Leslie v. Estate of Tavares, 994 P.2d 1047, 1051-52, 93 Haw. 1, 5-6 (2000). Although "[t]he mere fact" that claims may "relate to contracts . . . does not render a dispute between the parties in the nature of assumpsit," see Kahala Royal Corp., 151 P.3d at 763, 113 Haw. at 282 (internal quotation marks and emphasis omitted), doubt as to whether an action is in assumpsit or tort should be resolved in favor of assumpsit, see Helfand v. Gerson, 105 F.3d 530, 537 (9th Cir. 1997).

Here, neither party challenges the Magistrate Judge's finding that the FAC alleges three claims in the nature of assumpsit: (1) breach of contract (Count III); (2) breach of the covenant of good faith and fair dealing (Count IV); and (3) unjust enrichment (Count V). See F&R at 17-18; First Amended Complaint ("FAC") ¶¶ 52-68, ECF No. 134. The FAC alleges that Isuzu breached the Isuzu Dealer Sales and Service Agreement (the "Agreement") with JJCO and violated covenants of good faith under that Agreement in several specific ways. FAC ¶¶ 52-60. To the extent the Agreement may not have governed the parties' relationship, JJCO asserted alternatively that Isuzu should be liable for the same actions under a quasi-contract theory. FAC

¶¶ 61-68.  JJCO never withdrew these claims; rather, it litigated them vigorously throughout trial.  Moreover, JJCO prayed for attorney's fees on five of its seven counts.  FAC at 21-22, ECF No. 134; cf. Healy-Tibbits Constr. Co. v. Hawaiian Indep. Refinery, Inc., 673 F.2d 284 (9th Cir. 1982) (holding that plaintiff's prayer for attorney's fees provided significant indication that the action sounded in assumpsit).  In sum, the court is convinced that much of this action is "in the nature of assumpsit," as contemplated by section 607-14.

        C.    The Apportionment Was Proper.

JJCO next contends that "at least 50%" of fees should be deducted to account for Isuzu's work on nonassumpsit claims.  JJCO Obj. at 6.  The court rejects this argument and instead determines that the Magistrate Judge properly allocated 15% of Isuzu's fees to account for work that related exclusively to JJCO's nonassumpsit claims.

"[A] court must . . . apportion fees between the assumpsit and non-assumpsit claims if practicable."  Kona Enters. v. Estate of Bishop, 229 F.3d 877, 885 (9th Cir. 2000).  However, when issues and facts are common to both assumpsit and nonassumpsit claims, "[a]ll expenses incurred on the common issues qualify for an award."  Porter v. Hu, 169 P.3d 994, 1021, 116 Haw. 42, 69 (Ct. App. 2007).

The court presided over the trial in this matter and observed that the facts and legal issues litigated predominantly overlapped among JJCO's assumpsit and nonassumpsit claims.  Only a small minority of the disputed facts and legal issues pertained solely to JJCO's statutory claims.  For example, while some of the most hard-fought jury instructions related to JJCO's statutory claims, the evidence relating to the issues raised in those instructions affected the disposition of the assumpsit claims.  Isuzu is entitled to its fees for work on overlapping facts and issues.  See id.  In the court's judgment, it is appropriate to apportion 85% of Isuzu's attorney's fees to work related to the assumpsit claims.

To the extent JJCO believes Isuzu's pretrial work reflects a different breakdown, it has failed to bring to the court's attention facts supporting such a breakdown.  Instead, JJCO's objection to the Magistrate Judge's findings on this issue rests largely on generalized argument regarding the number of assumpsit versus nonassumpsit claims listed in the complaint.  See JJCO Obj. at 5-8.  According to JJCO, Isuzu should receive, at most, 50% of its requested fees because there were three assumpsit claims and three nonassumpsit claims.  Id.  But JJCO's cited authority does not support its argument.  Cf. Moore & Moore v. Stevens, Civ. No. 05-00215 SOM/LEK, 2008 WL 437030, at *3-*4 (D. Haw. Feb. 14, 2008) (finding 75% of fees awardable to

10

prevailing party for work on assumpsit claim, even though plaintiff asserted two other claims not in the nature of assumpsit), aff'd, 2008 WL 1849762 (D. Haw. Apr. 24, 2008). Rather, courts are directed to examine whether the claims are based on common facts, whether the legal theories are related, and how much of counsel's time was devoted to the litigation as a whole rather than to separable claims. Porter, 169 P.3d at 1020, 116 Haw. at 68.

Finally, JJCO argues that Isuzu is not entitled to any fees for its defense of two motions that exclusively concerned Count I (violation of Hawaii Franchise Investment Law). Id. at 5. JJCO requests a deduction of $11,025.78 to account for these motions. The court agrees that such deduction is warranted. See Kona Enters., 229 F.3d at 885.

> D. The Maximum Attorney's Fee Calculation May Not Include the Punitive Damages Sought.

JJCO challenges the Magistrate Judge's inclusion of JJCO's punitive damages demand in calculating the maximum statutory attorney's fees. JJCO Obj. at 8-10. The court agrees that Hawaii law does not permit inclusion of the punitive damages demand in calculating the twenty-five percent limit. Accordingly, the maximum award is set at twenty-five percent of $1,094,248, or $273,562.

Fees awarded "shall be assessed . . . upon the amount sued for if the defendant obtains judgment." Haw. Rev. Stat.

11

§ 607-14.  In its FAC, JJCO sought punitive damages in the amount of $1,000,000, both by alleging a separate "count" for this remedy and by including it in JJCO's prayer.  See FAC ¶¶ 82-84 & page 21.  Nevertheless, JJCO argues, the punitive damages sought may not factor into the calculation for the maximum attorney's fee award because such damages could not be awarded on any of its assumpsit claims.  JJCO Obj. at 8-10.  Isuzu argues that it is entitled to factor in the punitive damage figure because JJCO's complaint sought punitive damages as to all counts.  Def. Isuzu Motors Am., LLC's Resp. to Pl.'s Obj. to Mag. Judge's Findings & Rec. 6-7.

Despite the seemingly broad language of section 607-14, fees are not awarded based on the entire "amount sued for." Rather, because fees are only awardable for claims "in the nature of assumpsit," courts must apportion the fees claimed in an action into assumpsit and nonassumpsit components, if possible. See TSA Int'l Ltd., 990 P.2d at 734, 92 Haw. at 264 (quoting statute); Porter, 169 P.3d at 1018, 116 Haw. at 66.  The maximum attorney fee award is not based on the entire amount sued for, but must instead correlate to the amount actually awardable to the plaintiff.  See Hong v. Kong, 683 P.2d 833, 5 Haw. App. 174 (Ct. App. 1984); Piedvache v. Knabusch, 962 P.2d 374, 88 Haw. 115 (1988); accord Synagro Techs., Inc. v. GMP Haw., Inc., Civ. No. 04-00509 SPK/LEK, 2007 WL 851271 (D. Haw. Mar. 15, 2007).

In <u>Hong</u>, the buyers of stock in a business failed to pay the seller, and the seller sued. 683 P.2d at 836, 5 Haw. App. at 175. The buyers counterclaimed, seeking damages for fraud, including punitive damages, or, in the alternative, rescission and restitution of the agreement. 683 P.2d at 836, 5 Haw. App. at 175-76. The seller defeated the buyers' counterclaim and recovered her attorney's fees for the defense. 683 P.2d at 836, 5 Haw. App. at 176. On appeal, the court affirmed the award to the seller of her attorney's fees for defending against the counterclaim, holding that rescission and restitution are claims "in the nature of assumpsit within the meaning of HRS § 607-14." 683 P.2d at 841, 5 Haw. App. at 182-83 (internal quotation mark omitted).

However, the court rejected the seller's argument that the maximum allowable fees under the statute should be based upon the "total amount prayed for in the counterclaim," including the punitive damages. 683 P.2d at 841, 5 Haw. App. at 183. Because punitive damages are not awardable in an action for restitution, counting the punitive damages as part of the was "error." <u>Id.</u> Accord <u>Synagro Techs., Inc.</u>, Civ. No. 04-00509 SPK/LEK, 2007 WL 851271, at *14 (D. Haw. Mar. 15, 2007)(considering counterclaim's prayer for lost profits and total contract value, but not alleged punitive damages, as basis for calculating twenty-five percent limit on attorney's fees for successful counterclaim defendant).

13

In Piedvache, plaintiffs filed suit in the state district court, which had a jurisdictional limit of $20,000. 962 P.2d at 379, 88 Haw. at 120. The complaint specified no dollar amount for damages. 962 P.2d at 376, 88 Haw. at 117. After the district court entered judgment in favor of the defendants, it awarded the defendants nearly $10,000 in attorney's fees. 962 P.2d at 376-77, 88 Haw. at 117-18. The supreme court vacated the award, holding that the maximum attorney's fee award could be no higher than $5,000, twenty-five percent of the court's jurisdictional limit. 962 P.2d at 379, 88 Haw. at 120. The court reasoned that it would be "inequitable to award a prevailing defendant attorney's fees in an amount nearly twice that which the plaintiff could have recovered had he or she prevailed." Id.

Under Hong and Piedvache, the maximum attorney's fee award calculation may only include those damages awardable to JJCO if it had won on its assumpsit claims. Here, none of JJCO's assumpsit claims would have permitted an award of punitive damages.

Punitive damages, even when alleged as a stand-alone cause of action, are nevertheless "purely incidental to a separate cause of action." Ross v. Stouffer Hotel Co. (Hawaii), Ltd., 879 P.2d 1037, 1049, 76 Haw. 454, 466 (1994); cf. Masaki v. Gen. Motors Corp., 780 P.2d 566, 570, 71 Haw. 1, 6 (1989)

14

(reviewing the development of the law of punitive damages in Hawaii).  As such, they are available as a remedy only when the cause of action permits.  See, e.g., Masaki, 780 P.2d at 570-75, 71 Haw. at 5-17 (considering whether punitive damages may be awarded on product liability claims).  Tort damages, including punitive damages, are generally not permitted for contract disputes.  See Francis v. Lee Enters., Inc., 971 P.2d 707, 708, 89 Haw. 234, 235 (1999) (overturning prior caselaw allowing recovery in tort for a breach of a contract because the prior rule "unnecessarily blurs the distinction between—and undermines the discrete theories of recovery relevant to—tort and contract law"), codified, Haw. Rev. Stat. § 663-1.2 (1999); see, e.g., McElroy v. Maryl Group, Inc., 114 P.3d 929, 944, 107 Haw. 423, 439 (Ct. App. 2005) (plaintiff sought recovery in both contract and tort, but the punitive damage claim could not survive the dismissal of plaintiff's tort claims).

Although Francis provides for a limited exception when the conduct giving rise to the breach of contract is also independently a tort, see 971 P.2d at 717, 89 Haw. at 244, that exception does not apply here.  JJCO's claim for fraud rested on allegations that Isuzu schemed to discontinue the sale of passenger vehicles and to withhold that information from dealers such as JJCO, in order to sell as much of the inventory as possible prior to making the announcement.  FAC ¶¶ 70-81.  JJCO's

15

breach of contract claim, by contrast, concerned Isuzu's alleged failure to advertise and failure to compensate JJCO for destination charges. FAC ¶ 55. The claims for breach of the covenant of good faith and fair dealing and unjust enrichment touched on Isuzu's conduct in promoting the vehicles close in time to its announcement that it would discontinue sales, but did not allege the scheme set forth in the fraud claim. See FAC ¶¶ 58, 63. See generally Francis, 971 P.2d at 715, 89 Haw. at 242 ("[T]his court is not aware of any Hawai'i decision, outside of the insurance context, where a court has upheld the award of punitive damages for breach of a purely contractual obligation."). Because JJCO could not collect punitive damages for any of its claims "in the nature of assumpsit," Isuzu is similarly unable to seek the benefit of the punitive damages in its claim for attorney's fees.

          E.    Isuzu Is Entitled to Its Costs.

Under Local Rule 54.2, the clerk of court may tax costs in favor of the prevailing party as long as the prevailing party files a properly itemized bill of costs within fourteen days of the entry of judgment. Here, Isuzu filed its motion to tax costs on March 22, 2010, within fourteen days of the entry of judgment on March 8, 2010, and the clerk entered a bill of costs on April 5, 2010. See ECF Nos. 427, 432, 438. JJCO filed no timely

objection.  Isuzu is therefore entitled to its costs of $30,330.46.

        F.    <u>The Remaining Portions of the F&R Are Affirmed.</u>

Neither party has objected to the Magistrate Judge's findings regarding the meet-and-confer requirement, hourly rates, hours spent, block billing, work on clerical or ministerial tasks, excessive/duplicate time, the applicability of Hawaii Revised Statutes § 607-14.5, and use of the court's inherent powers to award attorney's fees.  The court finds no clear error in the F&R on these issues.

III.    <u>CONCLUSION.</u>

The court ADOPTS the F&R's findings regarding the fee allocation between assumpsit and nonassumpsit claims to the extent the F&R recommends deducting 15% for work on nonassumpsit claims, but MODIFIES the F&R by deducting an additional $11,025.78 for Isuzu's work on a motion that exclusively concerned JJCO's statutory claim.  The court ADOPTS the F&R's findings regarding reasonable hours and rates.  This results in a net lodestar award of $339,761.57 ($350,787.35 - $11,025.78).  However, because the twenty-five percent statutory maximum may not be based on JJCO's prayer for punitive damages, the court MODIFIES the F&R and instead orders an award of attorney's fees to Isuzu in the amount of $273,562, the statutory maximum.  The court additionally MODIFIES the F&R and orders the award of costs

to Isuzu in the amount of $30,330.46.  The total award to Isuzu is $303,892.43.  The remaining findings in the F&R are ADOPTED.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 21, 2010.



       /s/ Susan Oki Mollway
       Susan Oki Mollway
       Chief United States District Judge

JJCO, Inc. v. Isuzu Motors America, Inc.; Civil No. 08-00419 SOM/LEK; ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATION REGARDING ISUZU MOTORS AMERICA, LLC'S MOTION FOR ATTORNEY'S FEES