IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JJCO, INC., dba JACKSON ISUZU, a Hawaii corporation, | ) ) ) | CIVIL NO. 08-00419 SOM-LK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| ISUZU MOTORS AMERICA, INC., a Michigan corporation, et al., | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO RECONSIDER OR DISSOLVE WRIT OF EXECUTION ISSUED ON JANUARY 21, 2011**

On January 28, 2011, Plaintiff JJCO, Inc., a Hawaii corporation doing business as Jackson Isuzu ("Plaintiff"), filed the instant Ex Parte Motion to Reconsider or Dissolve Writ of Execution Issued on January 21, 2011 ("Motion for Reconsideration"). Defendant Isuzu Motors America, LLC ("Defendant") filed its memorandum in opposition on February 2, 2011, and Plaintiff filed its reply on February 11, 2011. This matter came on for hearing on March 15, 2011. Dennis King, Esq., appeared on behalf of Plaintiff, and Clarence Jackson, President of JJCO, Inc., was also present. Lex Smith, Esq., and Joseph Stewart, Esq., appeared on behalf of Defendant. After careful consideration of the Motion for Reconsideration, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion for Reconsideration is HEREBY GRANTED for the

reasons set forth below.

## BACKGROUND

Between 1998 and 2008, Plaintiff was an authorized dealer of Isuzu vehicles pursuant to its Isuzu Dealer Sales and Service Agreement ("Agreement") with Defendant. On January 30, 2008, Defendant announced that it was going to discontinue the distribution of new Isuzu passenger vehicles in North America. The instant case arose from the ensuing dispute over Defendant's obligations to Plaintiff under the Agreement.

Plaintiff's First Amended Complaint, filed October 23, 2009, alleged the following claims: Count I - violation of Hawai`i Franchise Investment Law; Count II - violation of Hawai`i Motor Vehicle Licensing Act; Count III - breach of contract; Count IV - breach of covenant of good faith and fair dealing; Count V - unjust enrichment; Count VI - fraud, misrepresentation, concealment, and nondisclosure; and Count VII - punitive damages.

Chief United States District Judge Susan Oki Mollway conducted a jury trial in this matter on February 9-11, 17-19, and 23-26, 2010, and March 2-5, 2010. During the trial, Chief Judge Mollway granted Defendant's motions for judgment as a matter of law as to a portion of Count II, as well as Counts IV, VI, and VII. The jury returned its verdict on March 5, 2010, finding that Plaintiff did not meet its burden of proof on the issues presented to the jury in Count I, the remainder of Count

II, and Count III.  Chief Judge Mollway also *sua sponte* ruled in favor of Defendant on any outstanding equitable claims.

On March 8, 2010, the Clerk of the Court entered final judgment in favor of Defendant and against Plaintiff.  [Dkt. no. 427.]  Plaintiff filed its Notice of Appeal on July 21, 2010.  [Dkt. no. 462.]  The Notice of Appeal stated that Plaintiff appeals from

> the Special Jury Verdict and Judgment entered herein on March 5 and March 8, 2010, respectively, and the Court's Order Denying Plaintiff's Motion to Alter or Amend Judgment and/or to Order a New Trial entered in this action on the 22nd day of June, 2010 together with any other interlocutory orders previously and subsequently filed herein.

[Id. at 2.]

On October 21, 2010, Chief Judge Mollway issued an order awarding Defendant a total of $303,892.43 in attorneys' fees and costs ("Fee Order").  [Dkt. no. 491 at 18.]

I.  **Defendant's Execution Motion**

On January 13, 2011, Defendant lodged a hard copy of its Ex Parte Motion for Writ of Execution ("Execution Motion").  [Dkt. no. 508.]  The Execution Motion sought, *ex parte*:

> a writ of execution or, in the alternative, . . . a Creditor's Bill in Equity, directing the Deputy Sheriff of the State of Hawaii to hold an auction and sell the following property of judgment-debtor, JJCO, Inc., or as much of it as is necessary to satisfy the following debts of JJCO, Inc.: (1) the judgment entered herein in favor of Isuzu in the amount of a total of THREE HUNDRED THREE THOUSAND, EIGHT HUNDRED, NINETY-TWO and 43/100 ($303,892.43), plus interest accrued

3

> thereon; and (2) any claims of the other judgment
> creditors herein who may elect to join in this
> motion.

[Id. at 2.] Defendant stated that interest on the $303,892.43 award of fees and costs was accruing daily in the amount of $397.31, compounded annually, pursuant to 28 U.S.C. § 1961. [Id., Decl. of Joseph A. Stewart ("Stewart Decl.") at ¶ 11.]

The Execution Motion included a list of Plaintiff's assets which Defendant sought to execute upon, including, *inter alia*, office equipment, tools, parts, and pre-owned and new vehicles in Plaintiff's inventory. [Stewart Decl., Exh. A ("Asset List").] As authority for the Writ of Execution, Defendant cited Federal Rule of Civil Procedure 69(a)(1) and Haw. Rev. Stat. §§ 651-1 through 651-21. [Execution Motion at 2-3.] The Certificate of Service attached to the Execution Motion stated that defense counsel certified that the motion had been served on Plaintiff's counsel "electronically through CM/ECF, or as otherwise indicated, at their last known address on the date written below." [Dkt. no. 508-8.] The Certificate of Service contained one mailing address and three e-mail addresses, one each for Plaintiff's counsel Dennis King, Esq., William Deeley, Esq., and Paul Herran, Esq. [Id. at 1.] The date on the Certificate of Service was January 13, 2011. [Id. at 2.]

On January 19, 2011, this Court signed the order attached to the lodged Execution Motion. [Order Granting Jdgmt.

Creditor Isuzu Motors Am., LLC's Ex Parte Motion for Writ of Execution ("Execution Order"), filed 1/21/11 (dkt. no. 508-6).] The Clerk of Court signed the Writ of Execution attached to the lodged Execution Motion, [dkt. no. 508-7,] and filed the Execution Motion in its entirety on January 21, 2011. The CM/ECF Notice of Electronic Filing states that the parties' counsel were served with the document on January 24, 2011.

II. **Plaintiff's Motion for Reconsideration**

In the instant Motion for Reconsideration, Plaintiff first argues that it appealed the award of attorneys' fees and costs insofar as Plaintiff has argued on appeal that the award would not be warranted if the Ninth Circuit grants a new trial. Plaintiff acknowledges that it did not appeal the ruling on the breach of contract claim, but Plaintiff argues that a re-trial of some of the other claims may affect the final analysis of which party is the prevailing party for purposes of an award of attorneys' fees and costs.

Plaintiff next argues that it was not served with the Execution Motion until January 24, 2011, eleven days after defense counsel certified that Defendant served the motion on Plaintiff's counsel. Plaintiff argues that, had Plaintiff received timely notice of the Execution Motion, it would have informed the Court that there are several UCC Financing Statements recorded in the Bureau of Conveyances in favor of

First Hawaiian Bank ("FHB") and Clarence E. Jackson creating security interests in Plaintiff's equipment, assets, and inventory of motor vehicles – the property against which the Execution Motion seeks levy and sale ("Execution Property"). [Motion for Recon., Decl. of Clarence E. Jackson ("Jackson Decl."), Exhs. 1 (recorded 1/13/03), 2 (recorded 4/26/05), 5 (recorded 9/5/08).] Plaintiff asserts that these security interests have priority over Defendant's judgment for attorneys' fees and costs.

Plaintiff argues that, if the Execution Property is sold, there would be no equity available for payment of Defendant's judgment. Plaintiff currently owes FHB, its first secured creditor, $3,012,300, and Plaintiff owed Clarence Jackson, its second secured creditor, $4,335,020 as of December 31, 2010. [Id. at ¶¶ 7, 9.] Mr. Jackson states that Plaintiff's assets were collectively worth just under $2.5 million as of December 31, 2010. [Id. at ¶ 10.] Mr. Jackson states that FHB is not willing to loan Plaintiff funds sufficient to cover the judgment for attorneys' fees and costs. [Id. at ¶ 13.] Plaintiff argues that it uses the Execution Property on a daily basis to operate its business, which enables it to make incremental payments on its debts to FHB and others. Since Defendant will not receive anything from the sale of the Execution Property, Plaintiff argues that Defendant's purpose in

seeking a sale of the Execution Property is merely to disrupt the debtor/creditor relationship between JJCO and FHB.

Plaintiff argues that reconsideration of the Execution Order is warranted because Plaintiff had neither prior notice of the Execution Motion nor an opportunity to respond before the Court issued the Writ of Execution. Plaintiff urges the Court to dissolve the Writ of Execution because Defendant did not follow the applicable Hawai`i law in seeking the writ. According to Plaintiff, Defendant misstated material facts and failed to disclose the material facts discussed above, misleading the Court into granting the Execution Motion. Plaintiff argues that the sale of the Execution Property would put it out of business without any benefit to Defendant.

In addition, Plaintiff argues that Defendant's Execution Motion improperly relied upon Haw. Rev. Stat. §§ 651-1 through 651-21, which address prejudgment attachment. Haw. Rev. Stat. §§ 651-31 to 651-52 address levying and executing upon personal property to satisfy a judgment. Plaintiff argues that, to the extent that the Execution Order relied upon the attachment statutes cited by Defendant, such reliance was clearly erroneous.

Further, Plaintiff argues that the Execution Motion grossly misstates the amount of interest due on the judgment. The Writ of Execution states that Defendant is entitled to $26,619.77 in interest at a rate of $397.31 per diem from

October 21, 2010 to December 27, 2010 (67 days x $397.31). [Writ of Execution at 2.] Plaintiff argues that this is obviously incorrect because it would amount to almost $150,000 in interest per year, or approximately half of the judgment. [Mem. in Supp. of Motion for Recon. at 13.] The declaration in support of the Execution Motion states that Defendant calculated the per diem amount using 0.47% – "[t]he weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment[.]" [Stewart Decl. at ¶ 11 & n.1.] Plaintiff, however, argues that the correct rate for the week before the entry of judgment on March 8, 2010 was 0.34%. [Mem. in Supp. of Motion for Recon. at 13 (citing http://www.federalreserve.gov/releases/h15/data.htm).]

Plaintiff emphasizes that it could have brought these issues to the Court's attention if Defendant had served Plaintiff with the Execution Motion on January 13, 2011 as defense counsel certified having done. Plaintiff therefore urges the Court to grant the Motion for Reconsideration and dissolve the Writ of Execution.

**III. Defendant's Memorandum in Opposition**

In its memorandum in opposition to the Motion for Reconsideration, Defendant first argues that, pursuant to Haw. Rev. Stat. § 651-31, execution upon a judgment for payment of

8

money may be issued at any time during the life of the judgment. Defendant contends that other creditors' security interests in the Execution Property do not deprive Defendant of its right to execution because those creditors' security interests will continue in the collateral to which they attach. [Mem. in Opp. at 3 (citing Haw. Rev. Stat. § 490:9-315; <u>Bank of Hawaii v. DeYoung</u>, 92 Haw. 347, 992 P.2d 42 (2000)).] Defendant also argues that there is no evidence that Clarence Jackson made a valid loan to Plaintiff which would create a security interest. Further, the amount of equity in the Execution Property and the alleged effect that the sale of the Execution Property will have on Plaintiff's business is irrelevant to Defendant's right to execution. Defendant emphasizes that, prior to the issuance of the Writ of Execution, Plaintiff refused to even discuss the payment of the judgment. [<u>Id.</u> at 4-5.]

Defendant next argues that Federal Rule of Appellate Procedure 4(a)(4) states that a party seeking to appeal an order disposing of a motion for attorneys' fees must timely file a separate notice of appeal after the filing of that order. Defendant argues that, because Plaintiff did not file a notice of appeal after the filing of the Fee Order, the Ninth Circuit lacks jurisdiction to review the Fee Order. Defendant also notes that Plaintiff did not obtain a supersedeas bond pursuant to Federal Rule of Civil Procedure 62. Moreover, Defendant argues that,

even if Plaintiff prevails on the pending appeal, Defendant will still be the prevailing party on the assumpsit claims, the disposition of which Plaintiff has not appealed and which the Fee Order expressly apportioned from the non-assumpsit claims.

Finally, Defendant acknowledges that there were errors in the Execution Motion. Defendant admits that it should have relied upon Haw. Rev. Stat. Chapter 651, subpart II, not subpart I, which it cited in the Execution Motion. Defendant admits that it mistakenly certified that it served Plaintiff with the Execution Motion on January 13, 2011. Defendant also admits that it miscalculated the per diem interest rate. Defendant now states that the per diem rate should be: $303,892.43 x (0.34%/365) = $2.83 per diem (from 10/21/2010). [Id. at 9.]

Defendant argues that these errors should not prevent execution because: 1) Defendant is entitled to execution pursuant to Chapter 651, subpart II; 2) according to Fed. R. Civ. P. 5(a)(1)(D), Defendant was not required to serve a copy of an *ex parte* motion upon Plaintiff on the date of filing; and 3) Defendant has now set forth the correct per diem rate. Defendant therefore argues that the Court should deny the Motion for Reconsideration and direct the Clerk of Court to enter the amended writ of execution, which Defendant attached. [Id., Decl. of Counsel., Exh. C.]

## IV. Plaintiff's Reply

In its reply, Plaintiff argues that Defendant's request for the issuance of an amended writ constitutes an admission that the original Writ of Execution must be dissolved. Plaintiff argues that the original Writ of Execution was not issued in accordance with the applicable state law and that Defendant has not pointed to any authority in Chapter 651 that would authorize the issuance of an amended writ of execution under these circumstances. Plaintiff emphasizes that, had it received timely notice of the Execution Motion, Plaintiff could have brought the deficiencies in the motion to the Court's attention, and the Court would not have issued the Execution Order.

Plaintiff notes that, on December 27, 2010, FHB filed a disclosure stating that it is in possession of five checking accounts in Plaintiff's name with the following balances: $94,969.23; $9,966.23; $1,028.12; $22.49; and $103.80. These balances, in their entirety, are subject to off-set by FHB for loans from FHB to Plaintiff. FHB offered to make evidence of such loans available on request. [Dkt. no. 505 at 2.] Plaintiff states that, according to FHB, Defendant's counsel did request and obtain such evidence from FHB prior to lodging the Execution Motion. [Reply at 6 n.1.]

Plaintiff submitted Promissory Notes evidencing the loans that Clarence Jackson made to Plaintiff. [Reply, Decl. of

11

Clarence E. Jackson, Exhs. 9-12.] Plaintiff, however, asserts that the validity of Mr. Jackson's loans is irrelevant because Plaintiff's assets are not even sufficient to repay its first secured creditor, FHB.

Plaintiff reiterates that Defendant will not receive any proceeds from the sale of the Execution Property and this fact indicates that Defendant has improper motives in seeking execution. Plaintiff acknowledges that there is a dearth of case law on this issue, but Plaintiff urges the Court to focus on the specific issue whether Defendant has the right to execute upon fully secured collateral from which Defendant will receive no sale proceeds.

Plaintiff also argues that the Court can use its equitable powers and can intervene to: prevent Defendant from interfering with the rights of Plaintiff's other creditors; prevent injustice; and obviate the vexatious use of the legal process in this case. [Reply at 9 (quoting 10 Am. Jur. Proof of Facts 2d. 285 § 2 (1976)).] Plaintiff argues that the only way it can repay its creditors is to continue to operate and pay its debts over time.

Finally, Plaintiff asserts that it has appealed the award of attorneys' fees and that the issue is before the Ninth Circuit. Plaintiff's argument is that, even though it did not appeal the Fee Order or the breach of contract claim, Defendant's

status as the prevailing party may change if Plaintiff prevails on one or more of the claims at issue in the appeal. [Id., Decl. of Dennis W. King, Exh. 13 (excerpts of Plaintiff's opening brief to the Ninth Circuit).] Plaintiff, however, argues that this issue is ultimately a red herring because the critical issue is whether Defendant has the right to execute upon fully secured collateral from which Defendant will not obtain any proceeds upon sale.

**DISCUSSION**

Courts recognize three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1. In the present case, Plaintiff argues that reconsideration is necessary to correct manifest errors of law and fact.

Defendant has conceded that there were errors in the Execution Motion. Defendant admits that it relied on the wrong statutory authority and that it miscalculated the per diem interest rate. Defendant also admits that it mistakenly certified that it served Plaintiff with the Execution Motion on

January 13, 2011.  [Mem. in Opp. at 9.]  This Court relied upon Defendant's erroneous representations in granting the Execution Motion.  The Court therefore finds that reconsideration is necessary to correct these clear errors of law and fact.

Defendant, however, argues that the Court need not grant the Motion for Reconsideration because the Court can order the issuance of an amended writ.  [Mem. in Opp. at 9-10; Decl. of Counsel, Exh. C (proposed amended writ of execution).]  Defendant's argument is misplaced.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), the procedure for issuing a writ of execution on Defendant's judgment for attorneys' fees and costs must accord with Hawai`i law.  Defendant has not identified anything in Hawai`i Revised Statutes Chapter 651, Part II which would allow for the issuance of an amended writ of execution based on the requesting party's representations in response to a motion for reconsideration.  Such a procedure would not be in accord with the applicable Hawai`i law and therefore is not permissible under Rule 69(a)(1).  Defendant's request for an order amending the Writ of Execution, filed January 21, 2011, is therefore DENIED.

Plaintiff's Motion for Reconsideration is GRANTED.  The Execution Order is HEREBY WITHDRAWN, and the Writ of Execution is HEREBY DISSOLVED.

If Defendant wishes to obtain another writ of execution, it must file the appropriate motion, and the Court ORDERS Defendant to serve a copy of such motion on Plaintiff contemporaneously with Defendant's submission of the motion to the district court.  Assuming that Defendant will seek another writ of execution, the Court directs the parties to consider the following:

Plaintiff argues that the correct per diem interest rate on the judgment is the average rate for the week before the entry of judgment on March 8, 2010, 0.34%.  [Mem. in Supp. of Motion for Recon. at 13.]  Applying this rate, Defendant contends that the proper per diem interest is $2.83 from October 21, 2010.  [Mem. in Opp. at 9.]  The Court, however, notes that Chief Judge Mollway filed the Fee Order on October 21, 2010.  The Fee Order constitutes the judgment for attorneys' fees and costs.  See Kona Enters., Inc. v. Estate of Bernice Pauahi Bishop, 243 Fed. Appx. 274, 278 (D. Hawai`i 2007) (stating that, where the court issues an order "unconditionally fixing fees, docketed after the docketing of the final merits judgment," that order constitutes "a separate final judgment" (citation and internal quotation marks omitted)).  Thus, it appears that the applicable per diem interest rate is the average one-year constant maturity yields for the week prior to October 21, 2010.

Finally, the Court emphasizes that, although it granted the Motion for Reconsideration, the Court did so based on **technical defects** in the Execution Motion. The granting of the Motion for Reconsideration does not diminish, or some how erase, Defendant's judgment for attorneys' fees and costs. At the same time, however, the Motion for Reconsideration raises some problematic issues regarding the liquid value, if any, of Plaintiff's assets which Defendant identified in the Execution Motion. These are hard facts that neither Plaintiff nor Defendant can ignore as this matter moves forward.

The Court urges the parties to consider the practicalities of the situation before them, and offers to assist the parties in mediation.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Ex Parte Motion to Reconsider or Dissolve Writ of Execution Issued on January 21, 2011, which Plaintiff filed on January 28, 2011, is HEREBY GRANTED. The Order Granting Judgment Creditor Isuzu Motors America, LLC's Ex Parte Motion for Writ of Execution, which this Court filed on January 21, 2011, is HEREBY WITHDRAWN, and the Writ of Execution, also filed on January 21, 2011, is HEREBY DISSOLVED. Defendant's Ex Parte Motion for Writ of Execution, lodged on January 13, 2011, is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 24, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JJCO, INC. V. ISUZU MOTORS AMERICA, INC., ET AL; CIVIL NO. 08-00419 SOM-LK; ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO RECONSIDER OR DISSOLVE WRIT OF EXECUTION ISSUED ON JANUARY 21, 2011**