IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JJCO, INC., dba JACKSON ISUZU, | ) ) ) | Civ. No. 08-00419 SOM-LEK |
| Plaintiff, | ) ) | ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART DEFENDANT/JUDGMENT CREDITOR ISUZU MOTORS' SECOND EX PARTE MOTION FOR WRIT OF EXECUTION |
| vs. | ) ) ) | |
| ISUZU MOTORS AMERICA, LLC, | ) ) | |
| Defendants. | ) ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER
GRANTING IN PART DEFENDANT/JUDGMENT CREDITOR ISUZU MOTORS'
SECOND EX PARTE MOTION FOR WRIT OF EXECUTION**

**I.     INTRODUCTION.**

Before the court is an appeal from the Magistrate Judge's Order Granting in Part Defendant/Judgment Creditor Isuzu Motors' Second Ex Parte Motion for Writ of Execution.  This court affirms the order, but notes also that, assuming the court construes that order as findings and a recommendation ("F&R"), the F&R is adopted following de novo review.

**II.    FACTUAL BACKGROUND.**

This case involves a business dispute between Plaintiff JJCO, Inc., and Defendant Isuzu Motors America, LLC ("Isuzu"). From 1998 until 2008, JJCO was authorized to sell Isuzu vehicles pursuant to a Sales and Service Agreement ("Agreement") with Isuzu.  On January 30, 2008, Isuzu announced its plans to stop distributing new Isuzu vehicles in North America.  JJCO and Isuzu

disagreed about whether Isuzu continued to have obligations under the Agreement, and JJCO ultimately sued.

In 2010, the court conducted a jury trial on this matter. The court granted Isuzu's motion for judgment as a matter of law as to several matters during the trial, and the jury subsequently returned a verdict in favor of Isuzu on the remaining counts.

On June 22, 2010, the court denied JJCO's Motion to Alter or Amend Judgment and/or to Order a New Trial. ECF No. 457. JJCO filed a Notice of Appeal on July 21, 2010. ECF No. 462.

On October 21, 2010, this court issued an order awarding Isuzu $303,892.43 in attorneys' fees and costs under section 607-14 of Hawaii Revised Statutes, which allows the prevailing party to recover fees in an assumpsit action. ECF No. 491.

The Ninth Circuit affirmed the judgment entered by this court, noting in the process that it lacked jurisdiction over the portion of JJCO's appeal addressing the award of attorneys' fees because JJCO had not filed a notice of appeal from that post-judgment order. ECF No. 539.

On January 19, 2011, then-Magistrate Judge Leslie Kobayashi granted Isuzu's Ex Parte Motion for a Writ of Execution. ECF No. 508-6. Shortly thereafter, then-Magistrate

Judge Kobayashi granted JJCO's Ex Parte Motion to Reconsider or Dissolve the Writ of Execution "based on technical defects" in Isuzu's underlying motion.  ECF No. 521 at 16.  She noted that "[t]he granting of the Motion for Reconsideration does not diminish, or [somehow] erase, Defendant's judgment for attorneys' fees and costs." Id. at 16.

On August 22, 2012, Isuzu filed its Second Ex Parte Motion for Writ of Execution (the "Motion"), which is the subject of the appeal before the court.  ECF No. 541.  On November 9, 2012, Magistrate Judge Richard Puglisi issued an order granting the portion of the Motion seeking a writ of execution for the $303,892.43 award of fees and costs, plus interest.  Order Granting in Part Defendant/Judgment Creditor Isuzu Motors America, LLC's Second Ex Parte Motion for Writ of Execution ("Order"), ECF No. 563.  The Order cited section 651-32 of Hawaii Revised Statutes, which sets forth the procedure for issuance of a writ of execution.  Order at 5-6.  Magistrate Judge Puglisi said, "The mandatory language of Section 651-32 requires that the Court issue a writ of execution.  There is no discretionary language that would allow the Court to decline to issue a writ." Id. at 6.

In appealing Magistrate Judge Puglisi's Order, JJCO says:

> The Magistrate Judge's decision should be
> reviewed and reversed as clearly erroneous or

3

> contrary to law since issuing the Writ of
> Execution amounts to a fruitless and
> frivolous act where he had the discretion to
> consider the equities and based thereon
> should have denied the requested Writ of
> Execution at this time when it is undisputed
> there are insufficient assets to satisfy the
> debts of the priority creditors with no
> reasonable probability of excess funds to be
> applied to Isuzu's third position judgment in
> an execution sale.

Appeal at 2, ECF No. 565. JJCO also asks for certification of the following question to the Hawaii Supreme Court: "Whether equitable standards may be considered by the court in determining whether to issue a writ of execution under Chapter 651 HRS, especially where those equitable standards would not permit such issuance." Id. at 11. Neither side appeals the Magistrate Judge's denial of requests to allow credit bids at an execution sale.

**III.     STANDARD OF REVIEW.**

There is some confusion about whether magistrate judges may rule on motions for writs of execution or may only issue findings and recommendations. If magistrate judges may order that writs of execution issue, this court should examine the Order only to determine whether it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). If, however, a magistrate judge should only issue an F&R on such a matter, this court must apply a de novo standard of review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b); Local Rules 72.5 and 74.2;

4

Int'l Longshore & Warehouse Union, Local 142, AFL-CIO v. Foodland Super Market, Ltd., 2004 WL 2806517, at *1 (D. Haw. Sept. 15, 2004).

In Berry v. Hawaiian Express Services, Inc., Civ. No. 03-0385 DAE-LEK, 2008 WL 4369769, at *1 n.1 (D. Haw. Sept. 24, 2008), then-Magistrate Judge Leslie Kobayashi (who issued an order granting Isuzu's first motion seeking a writ of execution), noted that 28 U.S.C. § 636(b)(1)(A) provides that a district judge "may designate a magistrate judge to hear and determine any *pretrial* matter pending before the court" except certain enumerated matters.  (Emphasis in order.)  Accordingly, then-Magistrate Judge Kobayashi did not issue an order.  Instead, she issued findings and a recommendation that the motion be denied on the grounds that the judgment debtor and the property in issue were outside of Hawaii.  No objections to the recommendation were filed, and the district judge adopted the findings and recommendation.  See Berry v. Hawaiian Express Services, Inc., Civ. No. 03-0385 DAE-LEK, 2008 WL 4601662 (D. Haw. Oct. 16, 2008).

In an abundance of caution, this court states here that, even if it reviews the matter now before it de novo, it would affirm.  The title of the present ruling refers to affirmance of the Order, suggesting review for clear error or for

a legal conclusion "contrary to law," but this court has indeed also reviewed the Order de novo and concluded that it is correct.

**IV.      ANALYSIS.**

JJCO objects to Magistrate Judge Puglisi's reading of section 651-32 of Hawaii Revised Statutes. Appeal at 2-10, ECF No. 565. The statute provides:

> Every district judge at the request of the party recovering any civil judgment in the judge's court, unless the judgment is duly appealed from, *shall issue* the judge's execution against the property of the party recovered against, which execution may be in the form established by the usage and practice of the issuing court and may be directed to any police officer of the judicial circuit in which the district court is situated; provided the defendant or any of the defendants is a resident of the circuit.

Haw. Rev. Stat. § 651-32 (emphasis added). Magistrate Judge Puglisi concluded, "The language of Section 651-32 is mandatory, not permissive." He therefore granted the Motion. Order at 6. Even conducting a de novo review of the record and the law, this court arrives at the same conclusion. The language of section 651-32 is clear. As Magistrate Judge Puglisi concluded, "There is no discretionary language that would allow the Court to decline to issue a writ." Order at 6.

JJCO complains that this plain-language reading of the statute is "contrary to law since the court has discretion to consider the equities." Appeal at 5. JJCO cites to numerous

6

cases for the proposition that a court of equity can "intervene to prevent interference with creditor's rights, to prevent an injustice, or to obviate a vexatious use of legal process, all of which exist here." Id.  None of these cases supports the proposition that the court should read an exception into a clearly written statute.  Whatever equities might arguably come into play in resolving contractual disputes or other matters of common law, it is hard to see how a court may avoid compliance with a statute on such grounds.  JJCO does not even attempt to show that Hawaii's legislature intended to permit such avoidance.

It has been said that equitable intervention sometimes avoids an unconscionable result.  See generally Truly v. Wanzer, 46 U.S. 141, 142 (1847) (recognizing the appropriateness of equitable intervention to avoid a result "against conscience").  However, JJCO does not establish that the issuance of a writ of execution is unconscionable.  First, section 651-32 is a duly enacted statute, and its constitutionality is not here challenged.  Unconscionability is a concept typically referred to in contractual interpretation, not in statutory compliance.  Second, quite apart from failing to cite to any case in which equitable intervention nullifies the clear command of a statute, JJCO fails to make a record establishing that unconscionable results will necessarily flow from execution of a writ.  JJCO

only speculates that "an execution sale will force the closure of an ongoing business employing 44 employees." Appeal at 2.

JJCO also asks this court to certify the following question to the Hawaii Supreme Court: "Whether equitable standards may be considered by the court in determining whether to issue a writ of execution under Chapter 651 HRS, especially where those equitable standards would not permit such issuance." Id. at 11. This court sees no need for certification here, because the relevant statutory language is unambiguous. See Davis v. Four Seasons Hotel Ltd., 2011 WL 3841075, at *10 (D. Haw. Aug. 26, 2011). This court therefore declines JJCO's request to certify a question to the Hawaii Supreme Court.

### V.  CONCLUSION.

This court affirms the Magistrate Judge's Order and denies JJCO's request that the court certify a question to the Hawaii Supreme Court. Isuzu shall submit to the Clerk of Court a writ of execution consistent with Magistrate Judge Puglisi's Order.

IT IS SO ORDERED.

DATED: Honolulu, December 27, 2012.



/s/ Susan Oki Mollway

Susan Oki Mollway
Chief United States District Judge

JJCO, INC., dba JACKSON ISUZU v. ISUZU MOTORS AMERICA, LLC, Civ No. 08-00419 SOM/LEK; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER GRANTING IN PART DEFENDANT/JUDGMENT CREDITOR ISUZU MOTORS' SECOND EX PARTE MOTION FOR WRIT OF EXECUTION